Arnold v. Baker.

ALBERT J. ARNOLD, APPELLANT, v. EUNICE A. BAKER AND JOSEPH A. BAKER, APPELLEE.

1. **Contract**: FRAUD; PLEADING. A contract procured by fraud will be rescinded at the suit of the party defrauded. But in such action the particular and precise circumstances which constitute the alleged fraud must be set forth in the petition. It is not enough to allege that a party by false and fraudulent representations induced another to enter into a contract, but he must state the facts on which he bases his claim for relief.

2. **Practice**: APPEAL TO SUPREME COURT. Where a demurrer to a petition in a suit in *equity* is sustained in the district court, the cause may be taken by appeal to the supreme court. *Stewart v. Carter.* 4 Neb., 564; distinguished.

THIS was an appeal from Platte county. The cause was heard below before POST, J., on demurrer to the petition, and judgment rendered against the plaintiff. The

facts necessary to an understanding of the case are stated in the opinion.

*S. S. McAllister*, for appellant, cited 3 Washburn Real Property, 273. 1 Greenleaf Ev., Sec. 265. 6 Hill, 469. 4 Scam., 452.

*Whitmoyer, Gerrard & Post*, for appellees.

MAXWELL, J.

This is a suit in equity for the rescission of a contract on the ground of fraud. The petition alleges that " the defendant falsely and fraudulently stated and represented to the plaintiff that after the plaintiff had left said mining district (on Deadwood creek, Dakota Territory) that he had 'jumped' and taken the claim aforesaid, whereby he was at that time the lawful owner thereof, according to the mining laws of said district, all of which statements and representations were false, fraudulent and untrue, in this, to wit: That the said defendant was not at any time the lawful owner of said claim, or any interest therein according to the mining laws of said mining district."

It also appears from the petition that the plaintiff had previously owned one-fourth of the mining claim in question, and the defendant Baker claiming to be the owner of the entire claim had conveyed to him by quit claim deed three-fourths of such claim. It is not stated in the petition who was in possession of the claim at the time of the execution of the deed.

That a contract procured by fraud will be rescinded at the suit of a party defrauded is well settled. But in such action, the particular and precise circumstances which constitute the alleged fraud must be stated in the petition. It is not enough to allege that a party by false and fraudulent representations induced another to enter into a contract. But he must state the facts on which he bases his claim for relief.

The allegation in the petition that the "defendant was not at any time the *lawful* owner of said claim, or any interest therein, according to the mining laws of said mining district," is not such a statement of facts as will authorize this court to rescind the contract. The judgment of the district court therefore must be affirmed.

The action was properly brought into this court by appeal. Where a demurrer to a petition in suit in equity is sustained the case may be appealed to this court. In *Stewart v. Carter*, 4 Neb., 564, the petition contained two causes of action, one legal and one equitable. The cause was dismissed by the district court on the ground of misjoinder of causes of action. In such case it was held that the case should be brought into the this court by petition in error.

JUDGMENT AFFIRMED.