HERMAN C. TEPOEL, PLAINTIFF IN ERROR, v. SAUNDERS COUNTY NATIONAL BANK, DEFENDANT IN ERROR.

1. **Usury.** Where a party effected a loan for another of $4,000 for five years at eight per cent, and took notes as a bonus for $350, without interest, due in less than one year from the date of the loan, *Held*, That interest for five years would not be added to the notes taken for a bonus in order to taint the transaction with usury.

2.  **Pleading.**  A party charging fraud and misrepresentation must plead the facts, and a mere allegation of fraud or misrepresentation is not sufficient.

ERROR to the district court for Saunders county.  Tried below before MARSHALL, J.

*J. J. O'Connor* and *C. A. Baldwin,* for plaintiff in error.

*Bell & Sornborger,* for defendant in error.

MAXWELL, J.

This is an action on a promissory note, of which the following is a copy:

" 250.00                WAHOO, NEB., July 28, 1884.

" April 1, 1885, after date, for value received, I jointly and severally promise to pay to the order of H. H. Dorsey, at the Saunders County National Bank, of Wahoo, Nebraska, the sum of two hundred and fifty and no 100 dollars, with interest at ten per cent per annum, payable annually from maturity until paid.

"HERMAN TEPOEL."

The defenses set up in the answer are usury, fraud, and misrepresentation.  On the trial of the cause in the court below, judgment was rendered in favor of the bank for the amount of the note, and interest thereon.

The principal error relied upon in this court is, that the judgment is against the evidence.  The testimony shows that in July, 1884, the plaintiff in error was about to purchase a half section of land in Saunders county, and applied to the cashier of the defendant in error to obtain the money to pay for the same, the loan to be secured by a mortgage on the land.  The cashier thereupon promised to obtain the money.  After some delay he did obtain the $4,000 for the plaintiff in error on five years time, with annual interest at eight per cent.  The money was ob-

tained from a banking institution in Omaha, for which there is some testimony tending to show the cashier had authority to make loans, and for the making of this one he received $100 from the lender. He also exacted from the plaintiff in error as a bonus for obtaining the loan the note in question and another for $100, the terms of which do not very clearly appear from the testimony. The exacting of this bonus, it is claimed, makes the interest exceed ten per cent, and therefore taints the entire contract with usury, and renders the note in this case void. The testimony shows that the $100 note has been paid, and no defense seems to have been made against it.

Our statute permits parties to contract for any rate of interest they may agree upon, not exceeding ten per cent. Comp. Stat., Sec. 1, Ch. 44. If the parties keep within this limit the contract will not be declared usurious. Neither will a forced construction be placed on a contract in order to taint it with the vice of usury. The theory of the plaintiff in error is, that if the amount of the bonus drew interest at either eight or ten per cent for five years from the date of the loan, and the interest be added thereto, it would make the loan usurious. We cannot adopt this rule of construction. The contract itself, which must determine the question of usury, did not exceed the limits of ten per cent; and the fact that the bonus was to be paid within a year from the making of the loan does not necessarily render the contract usurious.

2. We find no statement of facts in the answer showing fraud and misrepresentation, and the mere allegation of their existence, without such statement, is not sufficient. *Arnold v. Baker*, 6 Neb., 134. *Aultman v. Steinan*, 8 Neb., 113. There is no error in the record, and the judgment is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.