NATIONAL WALL PAPER COMPANY ET AL., APPELLANTS, V.
COLUMBIA NATIONAL BANK ET. AL., APPELLEES.

FILED DECEMBER 18, 1901. No. 9,523.

1. **Appeal:** EQUITY: BILL OF EXCEPTIONS. An appeal may be prosecuted from a decree in equity, though no bill of exceptions was settled and allowed. ´

2. **Insolvent Corporation:** PREFERRING CREDITOR. An insolvent corporation can not make a preference of a debt due from it on which the officers and directors are bound as sureties.

APPEAL from the district court for Lancaster county. Heard below before HALL, J. *Reversed.*

*Abbott, Selleck & Lane, Ricketts & Wilson, Frank H. Woods, Mockett & Polk, C. S. Rainbolt, Fred K. Shepherd* and *John S. Bishop,* for appellants.

*E. E. Brown, R. D. Stearns, W. Q. Bell* and *Halleck F. Rose, contra.*

NORVAL, C. J.

The Clason & Fletcher Company, a corporation engaged in the mercantile business in the city of Lincoln, became indebted to various creditors, including the Columbia National Bank of Lincoln, to which institution the Clason & Fletcher Company owed over $10,000 on promissory notes given by it as principal, and executed by the officers and directors as sureties. On November 16, 1893, the corporation was insolvent; and on said day, by its officers, it executed a bill of sale to said bank, covering all its stock of goods and practically all its assets, and delivered immediate possession thereof to the bank. At the time there were numerous creditors of the insolvent corporation. The bill of sale was made to give the bank a preference, and resulted in the exclusion of other creditors of said Clason & Fletcher Company from sharing in the assets or the proceeds thereof. This suit was brought by the National Wall Paper Company, a creditor of the insolvent corporation, against Clason & Fletcher Company, the bank, and one

Burlingim, to have declared fraudulent and void the said bill of sale, and that the bank and Burlingim be required to account for the value of the property described therein. Various other creditors of Clason & Fletcher Company intervened, praying for like relief as did the plaintiff. The district court held that the preference given to the bank was valid, sustained the bill of sale, and entered a decree against plaintiff and the interveners, from which this appeal is prosecuted.

It is insisted at the outset that this appeal is of no avail, because no bill of exceptions is contained in the record before us. This objection is untenable. All suits in equity are appealable to the supreme court. Code of Civil Procedure, sec. 675. The transcript for this court should contain only so much of the record as is essential to a correct understanding of the points involved. *Moores v. State,* 54 Nebr., 486. It must include the decree sought to be reviewed. *Bohman v. Chase,* 58 Nebr., 712. But it is not essential to jurisdiction that it should contain the bill of exceptions. *Schuyler v. Hanna,* 28 Nebr., 601; *Arnold v. Baker,* 6 Nebr., 134; *Hines v. Cochran,* 35 Nebr., 828.

The record before us raises the right of an insolvent corporation to prefer a creditor on a debt which the officers and directors were liable as sureties. This court has frequently considered the power of a corporation to prefer creditors, and it is claimed that there is a want of harmony in our decisions upon the subject. An examination of the cases convinces us that the contention is not well founded, although there are expressions in some of the opinions that are somewhat misleading. In our view, the question now before us has been previously passed upon by this court by an unbroken line of decisions to the effect that an insolvent corporation may not give preference to a debt on which an officer or director of the corporation is liable as surety. A brief reference to the cases at this time is pertinent. In *Ingwersen v. Edgecombe,* 42 Nebr., 740, it is disclosed that the Farmers' & Drovers' Bank of Battle Creek, an insolvent corporation, executed

a mortgage to one Teidgen, its vice president, to secure an indebtedness of the bank to him. The court, through POST, J., in the course of the opinion, observed: "The vital question in this record is the character of the relation which the directors and managing officers of an insolvent corporation bears toward its creditors. That such officers are not trustees in the technical sense of the term is apparent, and yet it is well settled, both by authority and on principle, that they are within the rule which guards and regulates dealings between trustee and *cestui que trust*. But the application of that rule has resulted in a diversity of opinion. It is maintained by some courts that, unless prevented by charter or the operation of statute in the nature of bankrupt laws, insolvent corporations possess the same power to make preference among their creditors as natural persons. But the view which may be said to rest upon the soundest reasons and is sanctioned by the decided weight of authority is that, when a corporation becomes insolvent, its property and assets constitute a trust fund for the benefit of its creditors, and that the directors and officers in possession thereof, being trustees for all the creditors, can not take advantage of their position to secure a preference for themselves, but must share ratably with the other creditors." The writer of that opinion cites numerous authorities to sustain the doctrine laid down. In *Tillson v. Downing*, 45 Nebr., 549, the holding of the court is stated in the syllabus thus: "(1.) Directors of an insolvent corporation can not take advantage of their position to obtain a preference of debts owing by the corporation to themselves. *Ingwersen v. Edgecombe*, 42 Nebr., 740, followed. (2.) Neither can they prefer debts to third persons for which they are obligated as sureties. (3.) These rules do not apply to a solvent corporation. On the contrary, such corporations have the same dominion over their property as individuals." These two cases were cited with approval in *Campbell Printing Press & Mfg. Co. v. Marder*, 50 Nebr., 283, 289. The first three paragraphs of the syllabus in *Stough v. Ponca Mill Co.*,

54 Nebr., 500, are as follows: "(1.) The assets of an in-solvent corporation constitute a trust fund in the hands of its directors to be used by them in paying corporate debts. (2.) A mortgage executed by an insolvent corpora-tion to secure a debt due from it to one of its officers or directors is illegal and void. (3.) So also is a mortgage executed to a third person to secure a debt for the pay-ment of which one of its officers or directors is personally bound." In *Seeds Dry-Plate Co. v. Heyn Photo-Supply Co.*, 57 Nebr., 214, it was ruled that, in the absence of actual fraud, an insolvent corporation may prefer one or more of its creditors to the exclusion of others, but that it could not prefer a debt owing to its director, secretary and treasurer. In *Reynolds v. Smith*, 60 Nebr., 197, it was ruled that an insolvent corporation which was surety for a debt of one of its officers and stockholders could not prefer such debt. The rule deducible from these several cases is that an insolvent corporation may not lawfully prefer a debt on which one of its officers or directors is bound as surety.

The decisions of this court relied upon as being in con-flict with the conclusion we have reached in this case will now be briefly noticed. The first of these is *Gorder v. Plattsmouth Canning Co.*, 36 Nebr., 548. That was a suit to foreclose a mortgage given by the Plattsmouth Canning Company to the plaintiffs, who were its officers and di-rectors, to secure the payment of moneys borrowed by plaintiffs for the corporation to enable it to carry on its business. Certain stockholders of the corporation inter-vened and assailed the mortgage. It is disclosed that the debts due the plaintiffs, secured by the mortgage, were contracted with the knowledge and approval of the inter-veners, and that the mortgage was likewise sanctioned by them. It was not shown that the corporation was in-solvent when the indebtedness was contracted, and the mortgage securing the same was executed. Under this state of facts, the mortgage was upheld. Of course, the interveners were by their conduct estopped from question-

ing the validity of the mortgage.   Moreover, the corporation being solvent prevents that decision from becoming a precedent here.   In *Shaw v. Robinson,* 50 Nebr., 403, there was not involved or determined the question whether an insolvent corporation might properly prefer as a creditor one of its officers or directors.   A preference made in good faith in favor of a creditor of the corporation other than an officer or director was sustained.   *Brown v. Sloan,* 55 Nebr., 28, has no bearing on the question we are considering.   In *German Nat. Bank v. First Nat. Bank,* 55 Nebr., 86, it was said that "an insolvent corporation, merely because it is such a corporation, is not prohibited from preferring particular creditors."   There the corporation made no preference whatever, but the president, one director and a stockholder, who was not a director, acting without authority of the board of directors, sold all the visible assets of the insolvent corporation, and turned the proceeds over to a single creditor,—a corporation in which two persons so acting were interested, and of which they were directors.   The transfer was not sustained.   In *Rein v. Kendall,* 55 Nebr., 583, the power of a corporation, solvent or otherwise, to prefer creditors, was not involved or determined, as a mere cursory examination by any one will reveal.   And this observation likewise applies to *Gorder v. Connor,* 56 Nebr., 781, and *Penfield v. Dawson Town & Gas Co.,* 57 Nebr., 231.   The only remaining case to which our attention has been challenged is *Nebraska Nat. Bank v. Clark,* 58 Nebr., 183.   It appears in that case that a director of a corporation loaned it a sum of money, and was to receive a note therefor, but died before it was executed, and his son was appointed administrator of the estate, who also became a director of the corporation.   The administrator applied for and received a note of the corporation for the amount of the loan.   Subsequently the latter became insolvent, and a judgment was recovered against it on the note.   The transaction was upheld.

The conclusion is irresistible, upon a consideration of

all of our cases; that the bill of sale involved in this litigation is illegal and void, since there was thereby created a preference in favor of the bank on an indebtedness for the payment whereof the officers of the insolvent corporation were personally liable. The court below therefore erred in its decision.

There is a controversy between the plaintiff and the interveners as to their respective rights in the premises. The district court not having passed upon that question, the cause is reversed and remanded to that court, with direction to enter a decree against the bank, and determine the rights of plaintiff and interveners.

REVERSED AND REMANDED.