McMillan v. Diamond.

JOHN K. McMILLAN ET AL., APPELLANTS, V. WILLIAM
DIAMOND ET AL., APPELLEES.

FILED DECEMBER 7, 1906.  No. 14,513.

Appeal: EVIDENCE: PRESUMPTIONS. This court will take jurisdiction
of an appeal in equity, where no bill of exceptions is filed with
the transcript; but if the judgment of the district court is one
which might be supported by competent testimony on questions
of fact arising on the pleadings, in the absence of a bill of excep-
tions containing the testimony, we will presume that the judg-
ment is supported by the evidence.

APPEAL from the district court for Lancaster county:
EDWARD P. HOLMES, JUDGE. *Affirmed.*

*C. O. Whedon* and *Berge, Morning & Ledwith,* for ap-
pellants.

*Field, Ricketts & Ricketts, contra.*

OLDHAM, C.

This was a petition in equity by numerous plaintiffs,
who were owners of lots and tracts of land within the
corporate limits of the village of College View, Lancaster
county, Nebraska, against the trustees of that village, in
which the plaintiffs asked to have the various tracts of
real estate owned by them excluded from the corporate
limits of the village. The petition alleged, among other
things, that many of the owners of the various tracts of
land were not legal voters of the village, and for that
reason they had no adequate remedy at law under section
101, ch. 14, art. I, Comp. St. 1905. The defendants an-
swered plaintiffs' petition, admitting that the different
plaintiffs were the owners of the tracts of land; that such
tracts were situated within the corporate limits of the
village, but denied that the lands were not suitable for
village purposes, and alleged that plaintiffs and their
grantors had joined in a petition asking for the incorpora-

tion of the territory sought to be excluded from the limits
of the village. On issues thus joined there was a trial
to the court, it appearing from the record that evidence
was taken for two days on the disputed questions of fact
arising on the pleadings, and that the cause was taken
under advisement by the judge, who thereafter entered the
following findings and judgment: "This cause, having been
heretofore on a day of a former term of this court tried
and submitted to the court, now comes on for final determi-
nation, and after due consideration, and being fully ad-
vised in the premises, the court finds that all of the
property described in plaintiffs' petition was upon the
25th day of April, 1892, by the board of county commis-
sioners of Lancaster county, Nebraska, acting upon a
petition signed by over 200 residents of the territory in
said petition described, incorporated in the village of Col-
lege View; that no protest on the part of any of the re-
lators herein was made to such action on the part of said
board of county commissioners, nor was any appeal or
error proceedings prosecuted therefrom. The court
further finds that a bill in equity will not lie for the relief
prayed for in plaintiffs' petition, but that the only remedy
is by quo warranto proceedings to vacate the order of said
board, in event it should appear that said order was made
without authority. Wherefore, the court finds that there
is no equity in the relators' bill, and that the same should
be dismissed at their costs. It is therefore considered,
ordered and adjudged by the court that this action be,
and the same hereby is, dismissed at the costs of the re-
lators, taxed at $99, for which execution is hereby
awarded." To reverse this judgment plaintiffs have ap-
pealed to this court on a transcript of the proceedings,
without having a bill of exceptions containing the testi-
mony prepared and filed with the transcript.

The first question with which we are confronted is as to
the jurisdiction of this court to entertain an equity appeal
without a bill of exceptions containing the testimony
offered in the court below. In the early case of *Arnold v.*

*Baker,* 6 Neb. 134, it was held that, where a demurrer had been sustained to plaintiff's petition, the action of the trial court in sustaining the demurrer might be reviewed on appeal, without a bill of exceptions. This holding has been followed in an unbroken line of decisions down to and including *National Wall Paper Co. v. Columbia Nat. Bank,* 63 Neb. 234, so that we take it as the settled rule of this court under the former statute that we should take jurisdiction in an equity appeal, where the transcript is filed within the time prescribed by statute, although no bill of exceptions is prepared and filed therewith. The new statute of appeals has not changed this rule.

While it is clear that we have jurisdiction of the cause, we cannot lose sight of the principle that a judgment of the district court is presumed to be right until sufficient of the record of the proceedings in which it was rendered is presented to this court to establish the contrary, and that, if the judgment be one which might be supported by competent testimony on disputed questions of fact properly pleaded, we will presume, in the absence of a bill of exceptions containing the evidence, that such testimony was produced at the trial of the cause.

While it is true that in the judgment rendered by the trial court the court expressed the opinion that a bill in equity will not lie for the relief prayed for in plaintiffs' petition, yet it also recites findings of fact with reference to the incorporation of the village and the acquiescence of plaintiffs therein that might, if supported by proper testimony, sustain the judgment that there was no equity in the bill, even if a bill in equity would lie for the relief sought. On this latter question, however, we express no opinion; but, because the record shows that testimony was taken at the trial, and because there were disputed questions of fact on which plaintiffs' theory of the case depended, we think it our duty to presume, in the absence of a showing to the contrary, that the evidence introduced was sufficient to support the judgment of the trial court. If a demurrer

had been sustained to the petition, or if on a demurrer *ore tenus* the court had excluded the evidence offered by plaintiffs, the record would then present the question of the jurisdiction of a court of equity to grant the relief prayed for. But there was no demurrer filed, and there is no record showing that any evidence was excluded, and the facts on which plaintiffs relied for equitable relief were put in issue by defendants' answer. Hence, we feel constrained to presume that the judgment of the trial court was sustained by the evidence.

We therefore recommend that the judgment be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.