WILLIAM MARVIN v. GEORGE WEIDER.

[FILED MAY 6, 1891.]

1. **Practice:** JUDGES OF SAME DISTRICT: CONFLICTING RULINGS. In a district where there are two judges, a demurrer to an amended petition was overruled by Judge B. and leave given the defendant to answer, which he did. Afterwards the cause came on for trial before Judge A., who sustained an objection to the introduction of any evidence, on the ground that the petition failed to state a cause of action. *Held*, Error. That the ruling of one judge upon a matter directly involved in the case is binding upon the other, unless for cause it is set aside.

2. **Petition,** liberally construed, *Held*, to state a cause of action.

3. ———. Questions relating to the sufficiency of the petition should be determined before the cause comes on for trial before a jury; and, where no objection is raised, until that time the petition will, if possible, be sustained.

ERROR to the district court for Pawnee county. Tried below before APPELGET, J.

*Story & Story,* for plaintiff in error.

*G. M. Humphrey, contra.*

PER CURIAM.

This action was brought under section 40, chapter 4, Compiled Statutes, giving a lien upon the offspring of certain animals. A demurrer to the amended petition was overruled by Judge Broady, and leave given the defendant to answer. The defendant thereupon filed an answer denying the facts stated in the petition, and pleading that such facts failed to state a cause of action. The cause afterwards came on for trial before Judge Appelget, who, after the jury had been impaneled and sworn, sustained an objection to the introduction of any testimony, on the ground that the petition failed to state a cause of action. This is a practice that cannot be tolerated. There are two judges in the first district, and a ruling made by one must be respected by the other, otherwise confusion and uncertainty will be the result.

The action is brought against the defendant, who, it is alleged, purchased the mares and colts on which the plaintiff had a lien, and that he secreted the colts so that they could not be found, whereby the plaintiff was deprived of his lien. It is also alleged that the defendant knew of the existence of this lien when he purchased the property. Liberally construed, the petition states a cause of action, although it is probable that there is defect of parties defendant, the principal debtor being a necessary party. No objection is made on this ground, however, and it is at most a defect of parties, which, in a proper case, would not defeat a recovery.

Questions relating to the sufficiency of a petition should be determined before a jury is called and witnesses subpœnaed in the case, thus adding greatly to the costs and expenses of the trial. Where objections are not made until

the hearing, a petition will, if possible, be sustained, and the cause proceed to judgment.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.