JOHN C. DOLEN V. E. A. BUCHANAN.

FILED FEBRUARY 19, 1895. NO. 6451.

District Courts: POWER OF ONE JUDGE TO SET ASIDE JUDGMENT OF ANOTHER: FRAUD. Where a judgment is rendered against a defendant in a district court having two judges, by one of the judges thereof, an application at the same term to vacate and set aside such judgment on the ground that the same was obtained upon a forged waiver of service of summons and confession of judgment, may properly be heard by whichever judge of the court is presiding at the time the application is presented.

ERROR from the district court of Gage county. Tried below before BUSH, J.

*A. Hardy,* for plaintiff in error, cited: *Marvin v. Weider,* 31 Neb., 774.

*L. M. Pemberton, contra,* cited: *Buchanan v. Mallalieu,* 25 Neb., 204.

NORVAL, C. J.

At the June term, 1891, of the district court of Gage county, to-wit, on July 29, the plaintiff in error recovered a judgment against the defendant in error in the sum of $4,300 and costs of suit, the Hon. T. Appelget at the time being the presiding judge. Plaintiff attached to and filed with his petition in the case a writing, purporting to be signed by the defendant, waiving the issuing and service of summons in the action, entering his voluntary appearance therein, and consenting that judgment be entered in favor of the plaintiff in the sum of $4,300 and costs. Subsequently, at the same term of court, on July 31, 1891, the defendant filed in said cause the following motion:

"In the District Court of Gage County, Nebraska.

"J. C. DOLEN, PLAINTIFF,
                v.                  } Motion.
E. A. BUCHANAN, DEFENDANT.

"Comes now the defendant and moves the court to set aside the judgment obtained against him in said cause in this court on the 29th day of July, 1891, for the sum of $4,300, for the reason that said judgment was falsely and fraudulently obtained, and was obtained without the service of any summons upon, or notice to, defendant, and upon a forged waiver of service of summons and confession of judgment and without authority of law, as is shown by the affidavit hereto attached, marked 'A,' and made part thereof; and for the further reason that affiant has a good defense to said action, as is also shown by said affidavit.

"PEMBERTON & BUSH,
"Attorneys for Defendant."

The foregoing motion to set aside the judgment and findings in the case came on for hearing before the court on the following day of the same term at which they were entered, the Hon. J. H. Broady then being the sole presiding

judge, when said motion was sustained and the judgment previously rendered was vacated. At a subsequent term of the court the cause was dismissed, because of the failure of the plaintiff to give security for costs.

The only point urged for a reversal is the ruling of Judge Broady in setting aside the judgment rendered at the same term by Judge Appelget. It is not claimed that the grounds set up in the motion to vacate were insufficient to authorize the court to make the order of which complaint is made, nor that the motion was not supported by the evidence adduced on the hearing, but it is strenuously insisted that it was, reversible error for Judge Broady to set the judgment aside, since Judge Appelget occupied the bench when such judgment was entered. Stated in another form, that judgment pronounced by one judge of the district court cannot be vacated at the same term by another judge of the same district, even though the judgment was procured upon a forged waiver of service of summons and confession of judgment. The opinion in *Marvin v. Weider*, 31 Neb., 774, is cited to support the contention of counsel. In that case, in a *per curiam* opinion, it was held, where a judicial district has two judges, that the ruling made by one of the judges thereof, upon a demurrer to a pleading, is binding upon the other judge, unless for cause it is set aside. It is not necessary now to determine whether the precedent cited was correctly decided or not, for it is obvious that the decision does not conflict with the ruling made in the lower court in the cause now before us, inasmuch as the judgment rendered by Judge Appelget was vacated and set aside upon a proper showing, and for a sufficient cause, namely, that the written waiver of the issuance and service of summons, and confession of judgment, was a forgery. This case falls squarely within the exception to the rule announced in *Marvin v. Weider, supra.* To hold that the application to vacate the judgment on account of fraud can only be made to the judge who rendered the original judg-

ment would be a monstrous doctrine, one we must decline to adopt. Although there are two judges of the district court of Gage county, yet the one presiding has the power to make any order or judgment in a cause; but where one judge has made a ruling, comity requires the other should respect it. That there is no conflict of decision in the case at bar is plain. We entertain no doubt, and so decide, that the application was properly heard by Judge Broady, and his decision was a just one. The judgment is therefore

AFFIRMED.