JOHN R. JOHNSTON ET AL. V. ELMER E. SPENCER.

FILED APRIL 21, 1897.   No. 7037.

1. **Fraud: PLEADING.**  In a charge of fraud and misrepresentation, the facts showing such fraud and misrepresentation must be pleaded; but this does not require that the probative or evidential facts shall be stated.   It is sufficient if ultimate facts are alleged which show the falsity of the representations.

2. **Pleading: OBJECTIONS: CONSTRUCTION.**  Where an objection that a petition does not state a cause of action is interposed for the first time during the trial of a cause or after verdict, the pleading must be liberally construed, and, if possible, sustained.

3. **Cross-Examination of Witnesses.**  "When a witness is cross-examined on a matter collateral to the issue he cannot, as to his answer, be subsequently contradicted by the party putting the question."

4. ———: **COLLATERAL FACTS.**  "The test of whether a fact inquired of in cross-examination is collateral is, would the cross-examining party be entitled to prove it as a part of his case tending to establish his plea?"  *George v. State*, 16 Neb., 318, approved and followed.

ERROR from the district court of Lancaster county. Tried below before STRODE, J.   *Reversed.*

*Charles O. Whedon* and *Charles Offutt*, for plaintiffs in error.

*F. I. Foss, E. E. McGintie,* and *W. R. Matson, contra.*

HARRISON, J.

The defendant in error sued the plaintiffs in error in the district court of Lancaster county to recover an amount alleged to be his due from them as damages which accrued through a sale to him of shares of stock of the Globe Publishing Company at Crete, induced by the false and fraudulent representations of the plaintiff in error.   Issues were joined, of which a trial resulted in a verdict and judgment favorable to defendant in error. To secure a review of the proceedings during the trial in the district court the case has been presented to this court.   After verdict in the proceedings a motion was interposed for plaintiffs in error asking for judgment in their favor notwithstanding the verdict for the other parties, on the grounds that under the pleadings they were entitled thereto.   This was denied, which, it was assigned, was error.

In section 440 of the Civil Code it is provided: "Where, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party."   This provides a remedy, substantially the judgment *non obstante veredicto* of the common law.   (*Manning v. City of Orleans*, 42 Neb., 712.) That the shares of stock were purchased by the plaintiff was established beyond question by the pleadings, and the main issuable fact was that of the practice of fraud and deceit by plaintiff in error in the negotiations which culminated in such sale, the other questions being incidental thereto and connected therewith.   The petition

contained a statement of the allegations alleged to have
been made by plaintiffs in error to influence the defend-
ant in error to purchase the shares. This was followed
by other and further statements in reference to the repre-
sentations made, purposed, by the pleader, to negative the
truth of the alleged representations and show them to
have been false. It is argued that there was not a suf-
ficient statement of facts in the petition in negation of
the truth of the alleged representations and showing
their falsity. It is a rule of pleading that in pleading a
charge of fraud and misrepresentation the facts must be
stated, and not mere conclusions. (*Arnold v. Baker*, 6
Neb., 134; *Clark v. Dayton*, 6 Neb., 192; *Aultman v.
Steinan*, 8 Neb., 109; *Tefoel v. Saunders County Nat.
Bank*, 24 Neb., 815; *Staley v. Housel*, 35 Neb., 160.) But
it is also a rule that where an objection that a petition
does not state a cause of action is made, for the first time,
during the trial of the action, the statements of the plead-
ing must be liberally construed and the petition sus-
tained if possible. (*Roberts v. Taylor*, 19 Neb., 184; *Mar-
vin v. Weider*, 31 Neb., 774.) The rule which requires a
petition in an action of the nature of the one at bar to
contain a statement of facts negativing the truth of the
stated representations, does not necessitate the pleading
of the probative or evidential facts. It is sufficient if
ultimate facts are alleged which show the falsity of the
representations. If the allegations of the petition in the
case at bar be construed liberally, as the rule requires,
the attack having been made during trial, they were suf-
ficient in their statements of facts, and not mere conclu-
sions, to establish the falsity of the material representa-
tions pleaded to have been made to defendant in error by
plaintiffs in error, hence the trial court did not err in over-
ruling the motion for judgment notwithstanding the ver-
dict.

J. W. Craig was called on behalf of the plaintiffs in
error as a witness and examined. He gave testimony in
regard to the financial condition and business affairs of

the Globe Publishing Company during the time prior to the date its control and management was assumed by defendant in error, the witness having formerly been the manager, he being succeeded by defendant in error. During the cross-examination he was asked the following question: "Q. Did you, in that conversation (referring to a conversation between witness and J. G. Spencer, at Crete, in the summer of 1888), state to him this: That Elmer E. Spencer, the plaintiff in this case, should sue Johnston and Stevens for misrepresentations in the sale of that stock, for it was a shame and an outrage?" And, over the objection of counsel for plaintiff in error, was allowed to answer it, which he did as follows: "No, sir; I made no such statement to Mr. Spencer, not that in substance. I knew nothing about what representations Johnston and Stevens had made to Spencer." Subsequently during the trial J. G. Spencer was called to the witness stand and thus interrogated: "Q. Did you meet Mr. Craig in the town of Crete on the street in the summer of 1888, that being the only time you met him there, and have a conversation with Mr. Craig upon the streets there of that town, in which he told you this, or this substantially: That Elmer E. Stevens, the plaintiff in this case, should sue Johnston and Stevens for misrepresentation in the sale of that stock, as it was a shame and an outrage?" And the objection interposed for plaintiffs in error being overruled, answered as follows: "I did, sir." It is assigned and urged that it was error for the court to allow the foregoing evidence to be introduced. The subject-matter of the question put to Craig on cross-examination did not tend to contradict, as facts, any of his evidence in chief. It could not be placed under the head of a contradictory statement. It was, if made, but a statement of his opinion, and not one of fact. The party asking the question on cross-examination would not have been allowed to ask a witness on the part of defendant in error the question which was propounded to Craig, and elicit the evidence of such a conversation, or of such an

opinion. It was, therefore, of a subject entirely collateral to the issues being tried. "In order to avoid an in-terminal multiplication of issues, it is a settled rule of practice that when a witness is cross-examined on a matter collateral to the issue, he cannot, as to his answer, be subsequently contradicted by the party putting the question. The test of whether a fact inquired of in cross-examination is collateral is this: Would the cross-examining party be entitled to prove it as a part of his case, tending to establish his plea?" (Wharton, Evidence, sec. 559. See, also, *George v. State*, 16 Neb., 318; *Frederick v. Ballard*, 16 Neb., 559; *Farmers Loan & Trust Co. v. Montgomery*, 30 Neb., 39; *Hooper v. Browning*, 19 Neb., 428; *Republican V. R. Co. v. Linn*, 15 Neb., 234; 1 Greenleaf, Evidence, secs. 455-462.) It follows that the trial court erred in allowing the evidence in contradiction of the witness Craig's denial of having made the statements attributed to him. The evidence admitted was of a character calculated to work prejudicially to the rights of the complaining parties.

There were other assignments of error, but we do not deem it necessary to discuss them here. The judgment of the district court is reversed and the cause remanded.

REVERSED.

RYAN, C., took no part in the decision.