## EDWARD W. PETERSON ET AL. V. MELVILLE R. HOPEWELL.

FILED SEPTEMBER 23, 1898. No. 8231.

1. **Pleading:** CONSTRUCTION. If the question of the sufficiency of the petition in its statement of a cause of action is not raised until during the trial of the cause, the pleading will be liberally construed, and, if possible, sustained.

2. ———: ———. By an application of the foregoing rule the petition in the present case *held* to state a cause of action.

3. **Trespass:** BURDEN OF PROOF: HIGHWAYS. In an action which involves an alleged trespass on real estate, wherein a defendant pleads as a justification or excuse of or for the acts which consisted of the removal of a fence, and making a grade and ditch, that they were done within a public road, such party must show by a preponderance of the evidence the facts so pleaded. (*Shaffer v. Stull,* 32 Neb. 98.)

4. **Highways:** ESTABLISHMENT: EVIDENCE. Findings that a public road had not been established by the board of commissioners; that a section-line had not been ordered opened for travel; that a road had not been established by user; also, that there had not been such use of a highway, and for the necessary length of time, as to raise a presumption that an order by the county board which purported its establishment was with and after all necessary legal steps,—were all sustained by the evidence.

5. **Trespass:** INJUNCTION. An injunction will be granted to restrain a threatened trespass upon real estate, where such act would result in the destruction of the premises, in the character of their use and enjoyment, or a deprivation thereof.

ERROR from the district court of Burt county. Tried below before KEYSOR, J. *Affirmed.*

*Edward W. Peterson,* for plaintiffs in error.

*Melville R. Hopewell, contra.*

HARRISON, C. J

The plaintiff instituted this action in the district court of Burt county and prayed that defendants be restrained from threatened trespasses upon real property, and in the trial court was awarded a judgment for the relief asked. The defendants have prosecuted an error proceeding to this court.

The original petition declared against one of the defendants as a road overseer, and set forth that past acts and threatened ones had been, and were to be, done by such party as such officer in the claimed performance of his duties in and about the opening of a public road and its preparation and completion for travel. After the answers of the defendants had been filed, the plaintiff asked leave to amend the petition by eliminating all reference to the official position of the one defendant; also, all statements which indicated that acts done or threatened had been or were to be done by such defendant in his capacity as road overseer, or in the performance of the duties of his office. The plaintiff was allowed to so amend the petition and defendants were given five days

within which to plead to the amended petition. This they did by obtaining leave and refiling their answers.

After the inception of the introduction of evidence during the trial, the defendants objected to the reception of any evidence on the ground of the insufficiency of the amended petition. This objection was overruled, which action of the trial court is the burden of one assignment of error to which our attention is challenged in the present examination of the litigation. The question of the sufficiency of the petition, or that there is not stated therein a cause of action, should ordinarily be raised and determined prior to the trial of the cause; and, where not presented until that time, the petition will be liberally construed, and, if possible, sustained. (*Roberts v. Taylor*, 19 Neb. 184, 27 N. W. Rep. 87; *Marvin v. Weider*, 31 Neb. 774, 48 N. W. Rep. 825; *Johnston v. Spencer*, 51 Neb. 198, 70 N. W. Rep. 982; 6 Ency. Pl. & Pr. 349.) Viewed and construed within the latitude of presumptions allowed by the rule just stated, the amended petition in the case at bar stated a cause of action—a begun and threatened destruction of the plaintiff's property for the use for which, or the character in which, he held and enjoyed it, or rather his deprivation of it for such use and enjoyment—and the objection interposed was properly overruled. (*White v. Flannigain*, 1 Md. 525; *Baltimore B. R. Co. v. Lee*, 23 Atl. Rep. [Md.] 901; *Schneider v. Brown*, 24 Pac. Rep. [Cal.] 715.)

The defenses were that the real estate—a portion of a section-line and the land bordering on the one side thereof—was embraced within the limits of a public road, either established or ordered opened by the proper authorities, or acquired by continued or continuous use by the public, and that the acts performed and to be done, which consisted in the main in the removal of a fence which belonged to plaintiff, and grading and ditching, were necessary to fit the road for travel; that one of the defendants was a road overseer, and he and the others under his directions were but proceeding in the proper manner to open the road to the passage of travel.

It is urged that the trial court erred in its findings of fact and in its conclusions of law relative to the litigated matters, and that some of the findings of fact were contrary to or unsupported by the evidence.   It was of the evidence that during the year 1884 there was presented to the county board of the county in which the land involved was situated a petition which asked that a road be located on and along the section-line which figures in this suit, and that an order was made which recited that the road was so located.   The notices of which there was shown at least an attempted publication, or a publication which partially complied with the statutory requirements at that time in that respect, were of the opening of the road, in one portion, if construed liberally, and of its establishment, in another portion.   By the law in force at the time the petition to which we have just referred was presented to the county board the method of procedure to be pursued to alter, vacate, or establish a road or roads was prescribed.   The law also declared all section-lines to be public roads, and that they might be opened by the county board whenever the public good required it.   The trial court determined that it had not been shown that a road had been established by the order of the commissioners, pursuant to the prayer of the petition presented, and, further, the section-line which the legislature had declared a public road had never been ordered opened by the board, and there had not been such an open, notorious, adverse, exclusive possession of the section-line as a road from the time of the order of the board which purported to locate the road as to preclude any question of the validity or force of the proceedings; also, that there had not been such use of the section-line by the public for travel as to establish a road; and for each of these findings or conclusions there is sufficient support in the evidence, and they are in accordance with the law applicable in any connection where a question of law was involved; hence they will not be disturbed; and as this, in effect, disposes of the controverted matters,

47

it follows from what has been said that the judgment of
the district court will be

AFFIRMED.