STATE LIFE INSURANCE COMPANY, APPELLEE, V. PAULINE E. HEFFNER ET AL., APPELLANTS: FIRST NATIONAL BANK OF NORTH PLATTE, APPELLEE.

FILED NOVEMBER 12, 1936. No. 29764.

*Hoagland, Carr & Hoagland,* for appellants.

*Halligan, Beatty & Halligan* and *Lowell C. Davis, contra.*

Heard before GOSS, C. J., GOOD, EBERLY and CARTER, JJ., and MESSMORE, District Judge.

CARTER, J.

This is an appeal from an order of the district court for Lincoln county denying the application of the appellant Pauline E. Heffner to have a prior order vacating a previous foreclosure sale set aside and from an order overruling objections to confirmation.

The record discloses that on and prior to December, 1924, Pauline E. Heffner was the owner of section 1, township 10, north of range 30, west of the 6th P. M. in Lincoln county, and that she executed a note and mortgage to the Lincoln Trust Company for $16,000 at that time. This mortgage was subsequently assigned to the State Life Insurance Company, the appellee herein. On April 4, 1925, Pauline E. Heffner sold the east half of section 1 to her son Earl Heffner, subject to the mortgage. Earl Heffner subsequently executed a second mortgage on the east half of section 1 to the First National Bank of North Platte for $5,000. Default having been made in the payments due under the first mortgage, foreclosure proceedings were commenced, and, on April 25, 1934, a decree of foreclosure was entered by the district court for Lincoln county finding the amount due on the first mortgage to be $18,436.30, and the amount due on the second mortgage on the east half of section 1 to be $5,481.50. On February 27, 1935, the clerk of the district court issued an order of sale in which he erroneously described the land to be sold as "the east half of section one" instead of "all of section one," and the sale was thus erroneously advertised. On the day of the sale, R. H. Beatty, one of the attorneys for the plaintiff, acting under instructions from plaintiff, and without knowledge of the erroneous description of the real estate being sold, directed the sheriff to enter a bid on behalf of the plaintiff for all of section 1

for $19,000. The sheriff made his return to the order of sale showing that plaintiff bid $19,000 for the east half of section 1. On April 10, 1935, and during the March, 1935, term of court, without knowledge of the error in the description of the real estate, the sale was confirmed by Judge Nisley, one of the district judges of that judicial district. On May 6, 1935, and before the closing of the March, 1935, term of court, Judge Tewell, the other district judge of that judicial district, after having the mistake called to his attention, vacated the confirmation of sale, the sale of the real estate and the sheriff's deed, and directed that a new order of sale be issued. Thereupon a new order of sale was issued, all of section 1 was advertised for sale and, on June 12, 1935, sold to plaintiff for $19,538.54. On July 6, 1935, Pauline E. Heffner filed application to have the order of May 6, 1935, setting aside the first sale and confirmation thereof vacated, and on the same day filed objections to the confirmation of the second sale. On the same day the appellant Earl Heffner filed an application for a moratory stay. On October 10, 1935, after a hearing, Judge Nisley denied the application to vacate the order of May 6, 1935, overruled the objections to the confirmation of the sale, denied the application for a moratory stay and confirmed the second sale. From the entry of this order, the defendants have appealed.

Appellants contend that the district court was without power to vacate the decree of confirmation entered on April 10, 1935, even though it was done during the same term of court at which it was entered.

In *Douglas County v. Broadwell*, 96 Neb. 682, 148 N. W. 930, this court said: "A judge of the district court has the right and power to set aside and vacate any judgments or orders made by him during the term at which the vacating order is made. Such vacating order may be made upon the court's own motion, if satisfied that an error has been made."

In *Netusil v. Novak*, 120 Neb. 751, 235 N. W. 335, we

said: "In passing, we observe that the procedure followed by the trial court is in line with the modern prevailing tendency toward practicalism which seeks to shorten and to simplify judicial procedure. It is the well-established law of this state, as well as of others, that the trial court has the right and power to vacate, set aside, amend or correct any judgments or orders made by it during the same term. Such orders may be entered upon the court's own motion as well as upon the motion of counsel."

In *Dimmel v. State,* 128 Neb. 191, 258 N. W. 271, this court said: "The district court has jurisdiction to set aside its own judgment during the term at which it was rendered, if it believes that its former conclusion is erroneous."

It is apparent from the record that, because of an error of the clerk of the district court, only one-half of the mortgaged property was advertised and sold. It is also clear from the record that plaintiff without knowledge of the error made a bid on the whole of the mortgaged premises when, as a result of the mistake, only one-half thereof was sold. Under such circumstances, it is not only within the power of the district court to vacate a confirmation of such a sale during the term at which it was entered, but it becomes the duty of the court to do so. In a case involving a like question, this court said: "A court of equity, when justice requires it and its powers are seasonably invoked, may vacate an order confirming a judicial sale and discharge the purchaser who has become such through fraud, accident or mistake." *Kampman v. Nicewaner,* 60 Neb. 208, 82 N. W. 623. We therefore conclude that the action of the trial court in vacating the first sale at the same term of court in which it was confirmed was entirely proper under the circumstances.

Appellants contend, however, that the court is without authority to vacate a judgment or order at the same term without notice having been given, and cite the case of *Schroeder v. Bartlett,* 129 Neb. 645, 262 N. W. 447, in support thereof. In that case it is disclosed by the opinion that the court not only vacated a judgment without notice,

but it proceeded to grant affirmative relief to the other party without giving notice thereof. This, of course, could not be done and the decree of the lower court was modified to the extent of striking out the additional relief granted. But, in the case at bar, the trial court merely vacated the order of confirmation without notice and did not attempt to grant any further relief. This the court had the right to do upon its own motion and without being required to give notice.

The contention is advanced that Judge Tewell was without authority to vacate an order entered by Judge Nisley. It must be borne in mind that there is but one district court in Lincoln county, although there are two district judges. In *Perry v. Baker,* 61 Neb. 841, 86 N. W. 692, this court said: "There may be several judges of the district court in a district, but there is only one district court, and the law makes no distinction between the judges. If a judge makes an erroneous ruling and afterwards in the trial of the case, with more exhaustive investigation of the question, finds his first ruling is wrong, he should not be bound by it. The principle of *res adjudicata* does not apply. The first ruling does not become the law of the case so as to bind the court in the further proceedings therein. The court remains the same whether the *personnel* changes or not."

Also, in *Dolen v. Buchanan,* 43 Neb. 854, 62 N. W. 233, it was said: "Where a judgment is rendered against a defendant in a district court having two judges, by one of the judges thereof, an application at the same term to vacate and set aside such judgment on the ground that the same was obtained upon a forged waiver of service of summons and confession of judgment, may properly be heard by whichever judge of the court is presiding at the time the application is presented."

In *Shephard v. Gove,* 26 Wash. 452, 67 Pac. 256, the question was disposed of in the following language: "The first and second assignments may be considered together. It is insisted by the appellant that Judge Griffin had no

right to overrule a decision made by Judge Jacobs in the case. But the succession of judges cannot be considered by this court; the office is a continuing one; the personality of the judge is of no legal importance. The action of Judge Griffin was in legal effect a correction of his own action, which he deemed to have been erroneous; and it were far better that he should correct it, than to perpetuate an error which would have to be corrected by this court."

The contention that one district judge is without authority to vacate an order made by another district judge at the same term of court at which it was entered is without merit.

Appellants contend that the evidence was not sufficient to warrant a confirmation of the sale. There is evidence in the record that the land in question was worth $70 an acre. At the time of the sale there was more than $27,000 against it. It was sold for $19,538.54. There is no evidence that another sale would bring a higher price and defendants' witnesses admit on cross-examination that they know of no one who would give as much as $20,000 for the land. It is the well-established law of this state that mere inadequacy of price will not preclude a confirmation of a foreclosure sale unless it is so inadequate as to shock the conscience of the court or amount to evidence of fraud. *Srajhans v. Mares,* 130 Neb. 924, 267 N. W. 82. We conclude that the trial court did not err in confirming the sale.

Appellants further contend that the trial court erred in refusing a moratory stay under the provisions of section 20-21,159, Comp. St. Supp. 1935. We are convinced, after an examination of all the evidence, that the value of the property foreclosed does not amount to $27,000, the approximate total of the liens against it. We have held many times that, when it appears from the evidence that the amount of the mortgage liens on the land exceeds its value, a moratory stay should be denied. *Howarth v. Becker, ante,* p. 233, 267 N. W. 444; *Srajhans v. Mares,*

*supra.* The trial court therefore properly denied a moratorium in the case at bar.

We have examined other points raised in appellants' brief and find them to be without merit. The judgment of the trial court is therefore

AFFIRMED.