14841

*EX PARTE* HART *ET AL*

APPEAL OF BOWEN *ET AL.*, COUNTY ATTORNEYS

474

*Messrs Nicholls & Russell, Barron, Barron & Walker* and *C. S. Bowen,* for appellants,

*Messrs. E. M. Blythe, J. L. Love* and *Benjamin A. Bolt,* for respondents J. Ed. Hart and the Greenville County Bar Association,

March 14, 1939.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

For a statement of the preliminary facts necessary to an understanding of the questions presented by this appeal reference must be had to the opinion in the case of *Ex parte Greenville County, a municipal corporation of the State of South Carolina, respondent, In re ex parte W. E. Bowen and Dakyns B. Stover, county attorneys, appellants,* S. C.,

2 S. E. (2d), 47; filed along with this opinion. As in the foregoing case, this appeal is likewise being prosecuted by the appellants from the order of Judge Rice declaring null and void the orders of Judge Sease dated June 2 and June 3, 1937. Thirty-six exceptions have been taken to the order appealed from. It will not be necessary to deal with them seriatim. The issues arise upon the demurrer and the answer of the appellants.

It is said that J. Ed. Hart, as a citizen and taxpayer of Greenville County, suing for himself and all others similarly situated, had no right to institute the proceeding to vacate and set aside the judgment rendered in favor of the appellants, allowing and directing the payment of their fees. It is argued that the County of Greenville is the real party in interest, and that if it wished to question the judgment its remedy was an appeal from Judge Sease's order of June 3rd. Our attention is directed to Section 397, 1932 Code, wherein it is provided, among other things, that actions must be prosecuted in the name of the real party in interest. It will be recalled that Greenville County was not a party to the proceedings had before Judge Sease on June 2nd and June 3rd, when its rights were being passed upon, and therefore was in no position to appeal.

The question under discussion appears to be a novel one in this State, but it has been held in quite a number of jurisdictions, and correctly so, in our opinion, that if a county has a cause of action for an injury sustained, which should be enforced for the protection of its citizens or taxpayers, and its governing board unjustifiably refuses to assert such cause of action, any citizen, because of his indirect interest, may sue, in behalf of himself and others similarly situated, the person against whom the cause of action exists, and thereby enforce the rights of the county. In such case it is proper to make the corporation a defendant as trustee for all of its members. 14 Am. Jur., page 237, Sec. 77; *Zuelly v. Casper,* 160 Ind., 455, 67 N. E., 103; 63 L.

R. A., 133; *Clark v. George,* 118 Kan., 667, 236 P., 643; *State ex rel. Buchanan County v. Fulks,* 296 Mo., 614, 247 S. W., 129; *Gosso v. Riddell,* 123 Or., 57, 261 P., 77; *Northern Trust Co. v. Snyder,* 113 Wis., 516, 89 N. W., 460, 90 Am. St. Rep., 867; *Webster v. Douglas County,* 102 Wis., 181, 77 N. W., 885, 78 N. W., 451, 72 Am. St. Rep., 870; *Land, Log & Lumber Co. v. McIntyre,* 100 Wis., 245, 75 N. W., 964, 69 Am. St. Rep., 915.

■ Generally it should be shown by allegation and proof that the corporate authorities have neglected or refused to proceed, after being requested so to do, or that a request of them to proceed by judicial remedies would be unavailing.

The rationale of the general doctrine under discussion is so well expressed in the case of *Estate of Cole,* 102 Wis., 1, 78 N. W., 402, 404, 72 Am. St. Rep., 854, that we quote from that case: "The direct injury to be remedied where the taxpayer intervenes and sets the judicial machinery in motion for that purpose, is not personal and direct to himself, but to the corporation. The question is, are the members of the corporation as a whole aggrieved? If so, rather than that justice shall fail, the court will take jurisdiction of the subject of controversy at the instance of a taxpayer. The fact that the threatened injury or the wrong done is to the corporation, and that its governing body or officers, who should move in the matter, neglect or refuse to do so, creates a necessity for some other way to remedy the mischief, and in that situation the circumstance of a person being a taxpayer and interested in the protection of its rights, is a sufficient test of his competency to challenge the threatened wrong, or wrong actually·done, in a court of justice. * * * There is no other way to successfully and efficiently meet that situation. In such cases, where officers neglect to do their duty, the wrong need not by any means go unredressed, so long as there is a single taxpayer with courage and public spirit enough to set the judicial machinery in motion. He

may stand in court in place of the unfaithful public officers. The court, in him, will recognize the interests of the corporation as a whole and with the evidence produced before it, calling for action by its decree, compel the performance of duty by all within its reach."

The petition in this proceeding contains no allegation that the county board of commissioners had been requested to institute the action, but the record shows convincingly that if such a request had been made it would have been unavailing.

Ordinarily we readily concede that the duty of determining when a suit should be brought being vested in the county board, it cannot be controlled or exercised by a taxpayer. The discretionary power is vested in the county board of determining when a suit shall be brought, but that means legal discretion. Where it clearly appears that that power is abused the governing body places itself outside the protection of the rule stated, and may be compelled to act, or in some instances further remedies may be resorted to. As was said in *Land, Log & Lumber Co. v. McIntyre, supra* (100 Wis., 245, 75 N. W., 967) : "If a county or other corporation has a plain cause of action for an injury done to it, that should be enforced for the protection of its members, and its governing body refuses to perform its plain duty in the premises, our system of jurisprudence is by no means so weak that justice can thereby be defeated. On the contrary, any member of the corporation, by reason of his indirect interest therein, suing in behalf of himself and all similarly situated, may set judicial proceedings in motion, making the corporation a defendant, as trustee for all of its members, and thereby enforce the rights of the corporation."

It logically follows from what we have said, that the petitioner, Hart, under the peculiar and unusual circumstances of this case; was sufficiently affected with an interest to maintain this proceeding, especially so in view of the fact, as we shall attempt to show, that the order is-

sued by Judge Sease on June 3rd was invalid because of lack of jurisdiction of the County of Greenville, which was not a party to the proceeding in which that order was rendered.

It is necessary only to refer to the case of *Ex parte Hart et al.,* 186 S. C., 125, 195 S. E., 253, to show that the order of June 2nd is void.

It is likewise our opinion that the order of June 3rd is invalid. The proceedings were wholly *ex parte,* and the order resulting therefrom undertook to pass upon the interest of Greenville County, when it was not a party and not before the Court.

We are not concerned with the merits of the contention that the fees allowed and paid the appellants on account were excessive and unreasonable. We are not to be understood as expressing or intimating any opinion as to the merits of that question. The appellants, although the then duly appointed attorneys for Greenville County, occupied an adversary relation to the county when making their *ex parte* motion for the allowance of fees. And in our opinion, regardless of good faith, it is contrary to fundamental principles of judicial action to hold under these circumstances that Greenville County was not entitled to legal notice of the hearing as a matter of law. As the county was not made a party to that proceeding, Judge Sease had no jurisdiction of the county, and therefore his order is void as to it.

But the appellants contend that the Act under which they were proceeding authorized the *ex parte* application, and required no notice. Certainly in an ordinary action notice is necessary, where orders are passed prejudicial to the interest of a party. *State v. Parker,* 7 S. C., 235. It would seem to follow that legal notice would be even more necessary, where the person whose interest is affected is not even a party and not before the Court.

The law relied upon by the appellants is found in Section 33 of Act No. 515, Acts of 1937, 40 St. at Large, page 1071.

That section provides: "There is hereby appropriated for the County Attorneys as extra compensation for their services in the several suits against the County for fees and salaries, and any other matters not anticipated in their employment, such amount or amounts as may be fixed by a Judge of the Court of Common Pleas upon application to the Court as may be made hereafter by said County Attorneys; such amount or amounts so fixed by the Court to be paid out of the contingent fund of the County, at such time or times as the Court may order, upon warrants in the same manner as provided for the payment of salaries of the public officers of the County."

The appellants argue that this section of itself submitted Greenville County to the jurisdiction of the Court.

It is true that the Act makes no specific provision relating to notice, but it does require that the amount or amounts of fees shall be fixed by a Judge of the Court of Common Pleas *upon application* to the Court. The appropriate action of the Court upon a proper application would be an order fixing the compensation. Under Section 817, 1932 Code, "An application for an order is a motion."

Section 818 provides that "When a notice of a motion is necessary, it must be served four days before the time appointed for the hearing; but the court or judge, may, by an order to show cause, prescribe a shorter time."

We think it clear that the Legislature, by Section 33, impliedly required notice, and did not by this legislation intend to deprive Greenville County of the right to be heard in a matter which affected its interests. The Legislature could not take from an individual such a right, and we do not believe under a fair construction of the statute in question that its purpose was to divest the county of due process of law. The statute does not require us to so hold, and we would not be justified in holding, except in the clearest case, that the State would intentionally consent to the surrender of the county's rights. If the section under

consideration (33) had specifically provided, as it could well have done if such had been intended, that the application for compensation be made *ex parte,* then it might well be that the county would be remediless.

We are also of the opinion that Judge Rice had jurisdiction to pass upon the matters presented by the petition and the answer of the appellant. He was the Judge presiding in the County of Greenville, where the orders in question were filed, and a motion in the cause by one who was not a party, but whose interest was substantially affected, was the proper proceeding to follow. *The First Carolinas Joint Stock Land Bank of Columbia v. Shingler B. Knotts et al.,* S. C., 1 S. E. (2d), 797.

It is contended that payment by the county treasurer of the compensation directed in the order of Judge Sease, of date June 3, 1937, extinguishes the judgment, and that any issue thereabout as to its validity is academic. This argument necessarily presupposes that the judgment was valid in the first instance against Greenville County, and that it was voluntarily paid. The case of *Reedy River Power Company v. City of Laurens,* 109 S. C., 210, 96 S. E., 116, is cited as authority for this position. We think it lacks much of being so. In that case the City of Laurens was a party defendant, and no question was raised as to the jurisdiction of the Court. It appears that the county's appeal left nothing for the consideration of the Court after it had voluntarily paid the judgment. A void judgment, paid by county officials, not with their own, but with taxpayers' funds, is not a voluntary payment, and does not bind the county.

It was held in *County of Richland v. Miller, Clerk of Court,* 16 S. C., 244, that the county may recover, from a Clerk of Court, moneys illegally or excessively charged by him for fees in State cases, even where his accounts have been audited by the Board of County Commissioners, approved by the Circuit Judge, and warrants issued for their payment, and payment received from the county treasurer.

Nor do we think that the county or the petitioner Hart is estopped by acquiescence from attacking the validity of the judgment, invalid in its inception. There is no health in a void judgment.

As to the petitioner, Greenville County Bar Association, the contention of the appellants, that it is not a proper party to this proceeding, must be sustained. It is sufficient to say that this unincorporated association is in no sense a legal entity and is without capacity here to sue. *Medlin v. Ebenezer Methodist Church et al.,* 132 S. C., 498, 129 S. E., 830. Judge Rice recognized this to be true, but held that "E. M. Blythe, James M. Love, and B. A. Bolt, the committee of the Association, have the status of taxpayers according to the allegations of the petition." It is true that in the petition filed by these members of the association, there is an incidental allegation in Paragraph 1, that they are taxpayers, but we do not think it may soundly be held, in view of the resolution of the association under which they acted, and in view of the whole scope of their petition, that the proceeding was instituted by them as taxpayers. The Greenville Bar Association, therefore, should and must be eliminated from the case. This in no way, however, affects our conclusion that this proceeding was and is properly maintained by the petitioner, J. Ed. Hart.

. The judgment of the Circuit Court, in so far as it holds that the Greenville County Bar Association is a proper party to this proceeding, is reversed; in all other respects, for the reasons herein stated, it is affirmed.

We have also considered the contentions of the appellants, that Judge Rice committed error in settling the case for appeal, and find them to be without merit.

MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE BAKER concurs in result.

MR. JUSTICE CARTER did not participate on account of illness.