STATE OF INDIANA *v*. RARDON.

STATE OF INDIANA *v*. MONTGOMERY.

[Nos. 27,773, 27,774. Filed February 17, 1943.]

*George N. Beamer*, Attorney General, and *Norman E. Duke*, Deputy Attorney General, for the State.

*Royal L. Lease*, of Valparaiso, for appellees.

O'MALLEY, J.—This is an appeal by the State of Indiana from the finding and judgment of the Porter Superior Court in two separate criminal actions which have been consolidated for this appeal. In these mat-

ters the court sustained the appellees' motions to quash the affidavits charging the appellees with the crime of escape.

The appellees were each serving a term in the Indiana State Prison for the crime of burglary, upon conviction and sentence from the Circuit Court of Carroll County, Indiana. We gather from the record that while they were restrained as inmates of the Indiana State Prison, the appellees were each taken to or removed to a farm in Porter County, Indiana, which is operated by the Indiana State Prison. Further we gather that on or about the 30th day of June, 1941, each of the appellees left the prison farm in Porter County, without permission or authority of the officers in charge, and having been apprehended, the appellant, the State of Indiana, on the 13th day of December, 1941, filed affidavits in the Porter Superior Court against each of the appellees, which affidavits, omitting the caption and signatures and allowing for the named defendant, were as follows:

> "Edgar Wetzel swears that Manford Rarden late of the County and State aforesaid, on or about the 30th day of June, A. D. 1941 was then and there, at and in said County and State, a convict confined in the prison farm of the Michigan City Penitentiary, which prison farm is situated in Porter County, duly committed to said prison for the crime of second degree *burgulary*, from the County of Carroll in said State, and did then and there, while so confined on said state farm and prison, feloniously escape and break away from prison, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The affidavit against Loran Montgomery, also filed on said date, was identical with the above.

Warrants were issued on the affidavits and bonds

were set at Two Thousand Dollars ($2,000.00), and on February 25, 1942, the court ordered the release of the appellees from the Indiana State Prison in order that they might be present at the trial, and on February 27, 1942, the defendants, and each of them, were arraigned in open court and each entered a plea of not guilty. On March 25, 1942, each of the appellees filed a petition wherein it was requested that each be permitted to defend as a poor person, and on March 26, 1942, the request of each of the appellees was granted and leave given to withdraw pleas of not guilty, and thereupon, each filed a motion to quash the affidavit, which motions, omitting the formal parts, read as follows:

"The defendant herein moves the court to quash the affidavit herein on the following grounds:
1. That the facts stated in the affidavit do not constitute a public offense.
2. That the court does not have jurisdiction of said cause.
3. That the affidavit does not state the offense with sufficient certainty."

Thereafter on April 2, 1942, the court having heard argument on said motions rendered an opinion sustaining the motions and on April 7, 1942, the appellees moved that the appellant be required to plead further, and the appellant thereupon refused, and an appeal was prayed and granted, and on May 12, 1942, notice of appeal was duly served on the Clerk of the Porter Superior Court and Royal L. Lease, attorney for the appellees, and on June 17, 1942, the appellant filed a motion for judgment which was granted and the appellees were then acquitted and ordered remanded to the custody of the warden of the Indiana State Prison to serve the remainder of the term for which each of

them was originally committed by the Carroll Circuit Court.

The crime of escape as charged here is set forth in § 10-1807, Burns' 1942 Replacement, § 2651, Baldwin's 1934 (Acts 1905, ch. 169, § 503, p. 584).

Under Acts 1941, ch. 179, p. 536, sub-section B of § 3, the Public Welfare Department is given supervision of all correctional activities, including the operation of all the penal reformatories and correctional institutions of the State, and under sub-section N of § 3 said department is given the right to classify the patients and inmates of the respective institutions of the State and transfer patients and inmates from one penal institution to another at will.

In the case of *Mellot* v. *State* (1942), 219 Ind. 646, 40 N. E. (2d) 655, this court had for consideration a case appealed from the Putnam Circuit Court wherein Russell Mellot was convicted of unlawfully escaping from the Indiana State Farm. Mellot was originally convicted in the Circuit Court of Elkhart County and the judgment of that court was that he be imprisoned in the Indiana State Prison for a period of not less than one year nor more than five years and fined in the sum of One Hundred Dollars ($100.00), and under that judgment Mellot was committed to and confined in the Indiana State Prison. About sixty days afterward Mellot was transferred from the Indiana State Prison to the Indiana State Farm pursuant to an order of the Department of Public Welfare as provided by § 52-1104, Burns' 1933 (Supp.), § 14078-5, Baldwin's Supp. 1941 (Acts 1941, ch. 179, p. 536, sub-section N of § 3).

Mellot not being satisfied with the Indiana State Farm left the State Farm and went back to the Indiana State Prison and an affidavit charging escape was filed

against him in the Putnam Circuit Court, and he thereupon went back to the State Farm and was tried on the charge of escape and convicted in the Putnam Circuit Court for unlawfully escaping from the Indiana State Farm. In that case this court said:

"The amount of punishment for the commission of a crime is a function of the Legislature and not a judicial function performed by the court. . . . That the fixing of the amount of punishment for a designated crime is within the power of the Legislature within constitutional limits, has not been seriously challenged in this State. Likewise, the place of punishment is also a legislative or administrative function. The Legislature of Indiana has prescribed in said statute and by general statutes the place of confinement of defendants convicted of crime. The power of the Legislature to designate the place of punishment has not and cannot be seriously questioned. If the Legislature can itself designate the place of punishment, it likewise has the power to delegate to some administrative board the power to determine the place of punishment. The Legislature, if it saw fit, would have the power to even abolish the state prison and provide that all inmates confined therein should be transferred to the reformatory at Pendleton or to the Indiana State Farm. The place of punishment has nothing to do with the guilt or innocence of the defendant, which is a judicial function to be performed by the courts, and by the courts alone."

The right to transfer inmates from one penal institution to another is given to the State Welfare Board by statute, and as the record comes to us we have no right to assume that the appellees in the instant case were not moved from Michigan City to the farm in Porter County without an order from the proper authority. When a person is ordered confined to a given prison that order of confinement does not mean that that person must be kept within a given

four walls but it does mean that that person is confined for restraint upon his freedom by the authorities of that institution, and if the proper authorities determine that he may leave the four walls of the institution for the purpose of performing some duty or accomplishing some task given him, and while outside the institution walls he escapes, he is guilty of escape from the correctional institution to which he was committed and any judgment committing a given defendant to the Indiana State Prison must be read as if it states that he is subject to be transferred to another penal institution by the Board of Public Welfare under the power granted said Board by Acts 1941, ch. 179, p. 536, subsection N of § 3.

In the case of *Ex Parte Clifford* (1867), 29 Ind. 106, Clifford sued out a writ of· *habeas corpus* because he was confined to prison after an escape and subsequent apprehension at a time when the original sentence would have run out if it were not for the fact that he had escaped and remained at large for a long period of time, and there, this court had under consideration a statute similar to the one under question in the instant case.

It is for the Legislature to determine what the punishment shall be and in the creation of a statute that body is not held to narrow limits, and if in their wisdom or lack of wisdom they determine that a person serving time for one felony, who escapes shall upon conviction thereof again be sentenced to a length of time not in excess of the time for which he was originally sentenced, they are but using the discretion lodged in them under the constitution to define crimes and fix the punishment to be meted out for each grade of crime committed. They have the right to take

into account the fact that the man who escapes is not intent upon reform and if he escapes from a sentence of twenty years he is committing a crime higher in degree than if he were to escape from a sentence of a single year. Not all persons should receive the same punishment even for the same crime. For the first offender it is perhaps well to give a lighter sentence or a parole. For the constant offender it may be that the maximum is far too short and in many states a third time offender is given a life term, for the reason that it is considered that he is beyond reform and the welfare of society demands that he be restrained of his liberty in order to avoid future depredations.

This statute is certainly not class legislation and it does apply equally to all persons who commit the same offense under the same or similar circumstances and is in accord with the spirit and letter of the constitution of the State of Indiana.

It is elementary that all criminal offenses in this State are statutory. § 9-2401, Burns' 1942 Replacement, § 2, Baldwin's 1934.

If the affidavits in question are good, then they must be within the limits of some statute and both appellant and the appellees agree that this prosecution is based on § 10-1807, Burns' 1942 Replacement, § 2651, Baldwin's 1934 (Acts 1905, ch. 169, § 503, p. 584), which is as follows:

> "Whoever, being a convict confined in any prison of this state, escapes therefrom, shall, on conviction, be imprisoned in the state prison not exceeding the length of time for which such escaping *convict* was originally sentenced, to commence from the expiration of the original term of his imprisonment." (Our italics.)

It has been held time and time again that ordinarily a charge may be made in the language of the statute. *Regadanz* v. *State* (1908), 171 Ind. 387, 86 N. E. 449.

The statement of facts constituting the offense must be stated in plain and concise language and without unnecessary repetition. § 9-1104, Burns' 1942 Replacement, § 2183, Baldwin's 1934.

It is further provided that the offense charged must be stated with such a degree of certainty that the court may pronounce judgment upon a conviction according to the right of the case and so that a conviction thereunder would be a bar to another proceeding based upon the same facts. § 9-1126, Burns' 1942 Replacement, § 2205, Baldwin's 1934.

In the instant case the charge is that the defendants were confined on the prison farm of the Michigan City Penitentiary located in Porter County and that the defendants were duly committed to said prison for the crime of second degree burglary.

"The word 'prison' is a generic term comprising places maintained by public authority for the detention of those confined under legal process." "A 'penitentiary' is a prison or place of imprisonment in which convicts sentenced to hard labor are confined by authority of law." 41 Am. Jur., p. 885.

It is common knowledge that the Indiana State Prison is located at Michigan City, Indiana, and that it is commonly called the Michigan City Pententiary or Prison and that it is the only prison or penitentiary in the northern part of the State of Indiana. We therefore take judicial notice of these facts, and although an offense must be charged with such a degree of certainty that the court may pronounce judgment upon a conviction according to the

right of the case and in order that a conviction thereunder would be a bar to another proceeding based upon the same facts, we are constrained to hold that the affidavits in question are sufficient under the statutes even though more care could and should have been used in their preparation.

This court therefore holds that the "escape statute," being § 10-1807, Burns' 1942 Replacement, § 2651, Baldwin's 1934 (Acts 1905, ch. 169, § 503, p. 584), is constitutional, and that the motion to quash should have been overruled in each case.

The judgment of the lower court is therefore reversed with instructions to overrule motions to quash and for further proceedings in conformity with this opinion.

NOTE.—Reported in 46 N. E. (2d) 605.