## STATE v. HAROLD R. PUTNAM.

79 N. W. (2d) 273.

November 2, 1956—No. 36,854.

*Harold R. Putnam,* pro se, for relator.

*Miles Lord,* Attorney General, *Charles E. Houston,* Solicitor General, and *William T. Johnson,* County Attorney, for respondent.

FRANK T. GALLAGHER, JUSTICE.

This case comes to the supreme court on a writ of error issued on January 19, 1956, to review the judgment of conviction of the defendant in the District Court for Washington County, wherein he was convicted of the crime of having, while a prisoner in a penal institution and in lawful custody of an officer, escaped from such institution and custody contrary to M. S. A. 613.29.

A review of the record discloses that prior to December 25, 1954, the defendant was incarcerated in the state prison at Stillwater, Minnesota, and on that date he admits having left the prison colony without permission. The defendant, after having been recaptured, was charged in an information dated May 10, 1955. The information stated that he had been held and confined in a penal institution,

to wit, the prison farm of the Minnesota state prison, on a conviction of forgery, second degree, by virtue of a commitment issued by the District Court of Hennepin County, Minnesota, dated May 13, 1954, and that he had wilfully, unlawfully, wrongfully, and feloniously departed from said prison farm without the permission of the authorities of said institution, contrary to § 613.29. After having been found guilty by a jury on November 18, 1955, of escape from a penal institution, he was sentenced on that date to the state prison for a period not to exceed seven years.

While it is a little difficult to comprehend the defendant's position in this case from the briefs that he has submitted to this court, his main contention seems to be that the statute under which he was charged and sentenced is not applicable to the facts in his case. This statute reads as follows:

"Every prisoner confined in a penal institution, or being in the lawful custody of an officer or other person, who shall escape from such institution or custody or who shall depart from such institution or custody without the permission of the authorities of such institution, or of the officer or person having him in custody, or who, being outside of the confines of such institution by permission or order of the authorities thereof, or being away from the presence of the officer or person having him in custody by permission or order of such officer or person, shall depart contrary to such permission or order, or shall fail to return to such institution or to the presence of such officer or person in accordance with such permission or order, if he is held on a charge or conviction of felony, shall be guilty of a felony; if on a charge or conviction of a gross misdemeanor, shall be guilty of a gross misdemeanor; and if on a charge or conviction of a misdemeanor, shall be guilty of a misdemeanor."

Defendant contends that in order to be guilty of a prison escape one has to complete the act of escaping from a prison; that there must be some object which is considered confining to constitute a prison, such as a wall, bars, fences or armed guards. He claims that the statute (§ 613.29) does not state in clear language that leaving a farm colony without permission is a felony.

While it is true that the statute does not specifically use the words "state prison farm" or "farm colony," it is our opinion that it could not be construed otherwise. It states quite clearly that a prisoner, confined in a penal institution on a charge or conviction of a felony, commits a felony if, while outside the confines of such institution by permission or order of the authorities or away from the presence of the officer or person having him in custody by permission or order of such officer or person, he departs contrary to such permission or order, or fails to return to such institution or to the presence of such officer or person in accordance with such permission or order. His felony according to the court's charge "constitutes the crime of escape from a prison."

We have carefully examined the charge of the trial court and believe it was proper under the language of the statute. For reasons herein stated, the request for a new trial must be denied.

Writ of error discharged.