366 P.2d 148

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Robert Roy PETERS, Defendant-Appellant.**

**No. 6947.**

Supreme Court of New Mexico.

Nov. 7, 1961.

Chavez & Cowper, Belen, for appellant.

Earl E. Hartley, Atty. Gen., Boston E. Witt, Oliver E. Payne, Ass't Attys. Gen., for appellee.

COMPTON, Chief Justice.

Appellant was convicted by a jury of Valencia County of the crime of escape from the New Mexico State Penitentiary while confined therein and, from the judgment imposing sentence, he appeals.

The pertinent statute, § 42–1–61, 1953 Comp., as amended reads:

> "Any person confined in the state penitentiary who shall escape or attempt to escape therefrom shall be guilty of a felony and upon conviction thereof, shall be imprisoned in the state penitentiary for not less than two [2] years, which sentence *shall not run concurrently* with any other sentence such person then be serving." (Emphasis ours.)

On September 9, 1960, the appellant first appeared before the Honorable John B. McManus, Jr., Judge of Division I of the Second Judicial District, and entered a plea of guilty to the charge. He was thereupon sentenced to serve a term in the state penitentiary of "not less than two years, said sentence to run concurrently with previous sentences being served by defendant." He was immediately transferred and delivered to the warden of the state penitentiary to serve the sentence thus imposed.

Thereafter, on October 4, 1960, the state moved to vacate the judgment because the sentence imposed was contrary to law. The motion was heard by the Honorable Edwin

L. Swope, Judge of Division III of said district, after which he entered an order vacating the sentence previously imposed by Judge McManus. The appellant was permitted to change his plea to "not guilty." Following a trial by jury, resulting in a conviction, appellant was sentenced by Judge Swope to serve a term in the New Mexico State Penitentiary of "not less than two years, which sentence shall not run concurrently with any other sentence that defendant may be serving."

■ Appellant contends that the first sentence was merely irregular and, having been partially executed by him, the court was without jurisdiction to change the sentence. There is no merit to this contention. If the accused had been committed pursuant to a valid sentence, perhaps a further discussion would be warranted and possibly a different result would be reached; however, such is not the case. Sentences must be imposed as prescribed by statute, § 41–17–1, 1953 Comp. The first sentence was not merely irregular; being unauthorized by law, it was null and void, and Judge Swope was warranted in disregarding it as mere surplusage. State v. Lucero, 48 N.M. 294, 150 P.2d 119; Jordan v. Swope, 36 N.M. 84, 8 P.2d 788; In re Lujan, 18 N.M. 310, 137 P. 587. See Notes 69 A.L.R. 1177, 141 A.L.R. 1225 and 168 A.L.R. 706. Compare Ex parte DeVore, 18 N.M. 246, 136 P. 47. And a void sentence may be vacated even

though it has been partially served. United States v. Bozza, 3 Cir., 155 F.2d 592; Bryant v. United States, 8 Cir., 214 F. 51, State ex rel. Cutrer v. Pitcher, 164 La. 1051, 115 So. 187.

■ The argument is made that since both judges possessed the same power, Judge Swope exceeded his jurisdiction in overruling the decision of Judge McManus. This argument is not impressive. A void sentence may be vacated by a judge of another division of the same district; it is the same court that acts in each instance. Sections 16–3–5(b) and 16–3–6, 1953 Comp. Compare State ex rel. Prince v. Coors, 51 N.M. 42, 117 P.2d 536; Dorland v. Hanson, 81 Cal. 202, 22 P. 552; Dolen v. Buchanan, 43 Neb. 854, 62 N.W. 233; Gruber v. Friedman, 104 Conn. 107, 132 A. 395; Ex parte Hart, 190 S.C. 473, 2 S.E.2d 52; Peisker v. Chavez, 46 N.M. 159, 123 P.2d 726; Shephard v. Gove, 26 Wash. 452, 67 P. 256.

■ Appellant's escape was from the prison honor farm situated at Los Lunas, to which he had been detailed. He complains that an escape from the honor farm does not constitute escape from the state penitentiary, and that the charge should have been filed under § 42–1–62, 1953 Comp. as amended. We do not agree. As we construe the pertinent statute, § 42–1–1, 1953 Comp., the prison honor farm is an integral part and parcel of the state peni-

tentiary, and escape therefrom is an escape from the state penitentiary. Compare State v. Mead, 130 Conn. 106, 32 A.2d 273; State v. Baker, 355 Mo. 1048, 199 S.W.2d 393; State v. Rardon, 221 Ind. 154, 46 N.E.2d 605; Ex parte Rody, 348 Mo. 1, 152 S.W.2d 657; Bradford v. Glenn, 188 Cal. 350, 205 P. 449; State v. Putnam, 248 Minn. 182, 79 N.W.2d 273.

The judgment should be affirmed, and it is so ordered.

CARMODY and MOISE, JJ., concur.

CHAVEZ and NOBLE, JJ., not participating.