THE STATE OF OHIO, APPELLEE, *v.* NECKAR, APPELLANT.

(No. 38975—Decided June 9, 1965.)

*Mr. Robert O. Stout,* prosecuting attorney, for appellee.

*Mr. James C. Britt* and *Mr. Willis E. Wolfe, Jr.,* for appellant.

*Per Curiam.* The sole question raised by this appeal is whether the attempt to aid a convict to escape from the Marion Correctional Institution constituted a violation of Section 2917.11, Revised Code.

Section 2917.11, Revised Code, reads as follows:

"No person shall aid, induce, or attempt to induce a convict to escape or attempt to escape from the penitentiary.

"Whoever violates this section shall be imprisoned for a term not exceeding that for which such convict was committed."

It is appellant's contention that when the General Assembly used the phrase, "the penitentiary," in this section it meant only the penitentiary at Columbus, Ohio, and that a person confined in any of the other state penal institutions would not fall within the purview of this section. It is appellant's contention that in attempting to aid in an escape from the Marion Correctional Institution he was guilty only of a violation of Section 2917.12, Revised Code. This section reads as follows:

"No person shall aid or assist a person, lawfully confined in a jail or other place of confinement, to escape or attempt to escape therefrom.

"Whoever violates this section shall be fined not less than fifty nor more than five hundred dollars or imprisoned not more than ninety days, or both."

It is appellant's argument that the Marion Correctional Institution is an "other place of confinement" as used in this section.

However, an analysis of these sections shows that the offenses thereby created are concerned not with the actual place of confinement as such but rather with the nature of the offense for which the escapee or attempted escapee is confined. It is the gravity of the offense rather than the place of confinement which is the important factor in these sections.

Under the law of Ohio, one who violates a criminal statute which imposes a maximum penalty of imprisonment for more than one year is considered a felon, and such person may be

imprisoned in one of the state penal institutions. One who violates a criminal statute imposing a maximum sentence of one year or less is considered a misdemeanant and is imprisoned in one of the local penal institutions.

The term, "penitentiary," as used in Section 2917.11, Revised Code, does not bear the narrow connotation placed thereon by appellant. The term, "penitentiary," is generic in nature and as used in Section 2917.11, Revised Code, relating to aiding in an attempted escape, refers not to any single penal institution but rather to the various state institutions wherein one may be confined as a felon. See Section 5145.16, Revised Code.

The transfer of a felon from the maximum security institution known as the Ohio Penitentiary to one of the lesser security institutions in no way diminishes the gravity of the offense for which such felon is confined, and the aiding in an attempt to escape from one of such institutions is just as serious a crime as the aiding in an attempted escape from the Ohio Penitentiary itself.

In the present case, we are concerned with the aiding in an attempted escape from the Marion Correctional Institution. The Marion Correctional Institution is an integral part of the Ohio Penitentiary, and the aiding in an attempted escape therefrom constitutes a violation of Section 2917.11, Revised Code. *State* v. *Peters*, 69 N. M. 302, 366 P. 2d 148, and cases cited.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.