492 P.2d 144

STATE of New Mexico, Plaintiff-Appellee,

v.

Clyde A. WEAVER, Defendant-Appellant.

No. 770.

Court of Appeals of New Mexico.

Dec. 10, 1971.

Jennie Deden Behles, Daniel J. Behles, M. Rosenberg Law Offices, Carlsbad, for defendant-appellant.

David L. Norvell, Atty. Gen., Prentis Reid Griffith, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

COWAN, Judge.

Defendant appeals from a judgment following his conviction for escape from jail contrary to § 40A–22–8, N.M.S.A.1953 (Repl.Vol. 6).

We affirm.

The portion of the statute under which the defendant was convicted is as follows:

> "Escape from jail consists of any person who shall have been lawfully committed to any jail, escaping or attempting to escape from such jail."

Defendant had been lawfully committed to the Eddy County jail in Carlsbad, New Mexico, on July 16, 1970. On August 5, 1970, he was assigned duty in a kitchen, located downstairs from the jail cells, in the Eddy County Courthouse. This kitchen was used for preparing meals for prisoners and also for the personal needs of the sheriff and his family. Defendant disappeared from the kitchen sometime during the morning of August 5 and was later apprehended in the State of Maryland.

Defendant urges reversal under six points, five of them being concerned principally with whether, under the facts just related, his departure was an "escape from jail" and whether there was substantial evidence to support the guilty verdict.

The defendant argues that his conviction should not stand since he escaped from the jail kitchen and not from the jail proper. We do not determine whether this jurisdiction should adopt a rule of "constructive confinement" or a rule of "strict interpretation", but a short discussion might be in order. The constructive confinement rule is defined in State v. Rardon, 221 Ind. 154, 46 N.E.2d 605 (1943), as the court said:

> ". . . When a person is ordered confined to a given prison that order of confinement does not mean that that person must be kept within a given four walls but it does mean that that person is confined for restraint upon his freedom by the authorities of that institution, and if the proper authorities determine that he may leave the four walls of the institution for the purpose of performing some duty or accomplishing some task given him, and while outside the institution walls he escapes, he is guilty of escape from the correctional institution to which he was committed. . . ."

The rule of strict interpretation would require that the escape be from the jail proper or an integral part thereof. In the one case in this jurisdiction touching on the subject, State v. Peters, 69 N.M. 302, 366 P.2d 148 (1961), the court held that a prisoner's escape from a prison honor farm constituted escape from the State Penitentiary because the prison honor farm is an integral part and parcel of the State Penitentiary. This decision was based upon a statute authorizing the Penitentiary of New Mexico to operate prison farms. There is no statutory provision suggesting that a jail kitchen is a part of a county jail.

The state introduced evidence that the kitchen was used for preparation of the prisoners' meals and that it was part of the jail. The jury, under proper instructions, by their verdict necessarily determined that the jail kitchen was an integral part and parcel of the jail and that the defendant had escaped therefrom. State v. Peters, supra. The verdict was supported by substantial evidence.

The defendant also argues that, because he left the jail kitchen and not the jail proper, he should not have been bound over after the preliminary hearing and the information should have been quashed. Suffice it to say, the record reveals that the defendant was fully advised of the charges against him by preliminary hearing, by the information and by a bill of particulars. There was probable cause to bind him over for trial.

By a sixth point defendant seeks reversal on the ground that the court erred in submitting instruction number 9 to the jury "because it is misleading, confusing, and conflicts with all the instructions when viewed as a whole."

In addition to the standard instruction advising the jury that the defendant was on trial for the offense of escape from jail, the court gave the following instructions:

"8 The Statute of the State of New Mexico provides that escape from jail consists of any person who shall have been lawfully committed to any jail, escaping or attempting to escape from such jail, and further provides that whoever is guilty shall be punished as provided by law.

"9 The term ESCAPE, as used in these instructions, means that a person has unlawfully gained his liberty from lawful custody before he is delivered therefrom by due process of law.

"10 You are instructed that unless you find beyond a reasonable doubt that the kitchen where defendant was last assigned to work was an integal (sic) part of the county jail, you will find the defendant not guilty."

Defendant urges that instruction number 9 would lead the jury to believe that a finding of escape from lawful custody would be sufficient for a conviction of escape from jail. He argues that escape from "lawful custody" is much broader than escape from jail. His argument might have merit were it not for the remainder of the court's instructions, which clearly instructed the jury that they must find not only that the defendant escaped from jail, but that the kitchen was an integral part of that jail.

Each instruction need not contain within its limits all the elements to be considered. The instructions are sufficient if, considered as a whole, they fairly present the issues and the applicable law. State v. McFerran, 80 N.M. 622, 459 P.2d 148 (Ct. App.1969). Reading the instructions as a whole, we do not find them erroneous or that the defendant was prejudiced.

There being no reversible error, the judgment is affirmed.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.