STATE EX REL. JOHN MAX LANGE v. RALPH H. TAHASH.

119 N. W. (2d) 15.

December 14, 1962—No. 38,794.

*John Max Lange*, pro se, for appellant.

*Walter F. Mondale*, Attorney General, and *Charles E. Houston*, Solicitor General, for respondent, warden of State Prison.

THOMAS GALLAGHER, JUSTICE.

This is an appeal from an order of the District Court of Washington County denying relator's petition for a writ of habeas corpus. In his petition relator alleges that he is imprisoned in the State Prison at Stillwater under an invalid sentence for his escape from the custody of the sheriff of Ramsey County on the ground that he was sentenced pursuant to Minn. St. 613.29,[1] rather than under § 641.19,[2] which he asserts prescribes the penalty for such crime.

The facts with reference to relator's sentence and conviction are as follows: On June 23, 1960, an information charging him with the crime of forgery in the second degree was filed in the District Court of Ramsey County. On August 11, 1960, while being held in custody on such charge, he effected an escape from the custody of the sheriff of Ramsey County. On August 22, 1960, an information was filed

---

[1]Minn. St. 613.29 provides: "Every prisoner confined in a penal institution, or being in the lawful custody of an officer or other person, who shall escape from such institution or custody * * *, if he is held on a charge or conviction of felony, shall be guilty of a felony; if on a charge or conviction of a gross misdemeanor, shall be guilty of a gross misdemeanor; and if on a charge or conviction of a misdemeanor, shall be guilty of a misdemeanor."

[2]Minn. St. 641.19 provides in part: "* * * Every prisoner under a jail sentence, or awaiting trial, who shall break jail and escape, if the offense for which he is confined is not capital, shall be punished by imprisonment in the county jail for six months; * * *."

in the district court of said county charging him under § 613.29 with "wrongfully, unlawfully, and feloniously" escaping from the custody of the sheriff while being held on the charge of second-degree forgery, a felony.

On February 6, 1961, he was arraigned on the charge of forgery in the second degree and also on the charge of escape. The informations were read to him in their entirety, and having consulted with his counsel, he entered his plea of guilty to each of such charges. On that same date, he entered pleas of guilty to three prior felony convictions.

On March 2, 1961, relator was sentenced by the district court as follows: ·

"THE COURT: You, John Max Lange, having, in open court, entered a plea of guilty to the crime of Escape as charged in an Information filed in this Court on August 22, 1960, and you having acknowledged and confessed, in open court, that you were previously convicted of the crime of Forgery, in April, 1946, in the County of Franklin, State of Ohio, as also charged in an Information filed in this Court on February 6, 1961, and you also having acknowledged and confessed, in open court, that you were previously convicted of the crime of Grand Larceny in the Second Degree, on the 18th day of February, 1937, in the County of Ramsey and State of Minnesota, as also charged in an Information filed in this Court on the 6th day of February, 1961, and you also having acknowledged and confessed, in open court, that you were previously convicted of the crime of Grand Larceny in the Second Degree, on the 6th day of June, 1952, in the County of Ramsey, State of Minnesota, as also charged in an Information filed in this Court on the 6th day of February, 1961, now, therefore,

"It is Hereby Adjudged and Determined that you, John Max Lange, are guilty of the crime of Escape as charged in said Information, and it is the judgment of this Court and the sentence of the law that, as punishment for said crime, increased by reason of your previous three felony convictions, that you be punished by confinement at hard labor in the State Prison of the State of Minnesota, at Stillwater,

Washington County, Minnesota, according to law until duly discharged by due course of law or competent authority; provided, however, and pursuant to the provisions of Minnesota Statutes Annotated 637.01, the maximum term of imprisonment under the foregoing sentence is hereby fixed at five years."

Likewise, on March 2, the court sentenced relator as follows:

"THE COURT: You, John Max Lange, having, in open court entered a plea of guilty to the crime of Forgery in the Second Degree as charged in an Information filed in this Court on the 22nd day of June, 1960, and you having acknowledged and confessed, in open court, that you were previously convicted of the crime of Forgery, in April, 1946, in the County of Franklin, State of Ohio, as also charged in an Information filed in this Court on February 6, 1961, and you also having acknowledged and confessed, in open court, that you were previously convicted of the crime of Grand Larceny in the Second Degree, in the County of Ramsey, State of Minnesota, on the 18th day of February, 1937, as also charged in an Information filed in this Court on the 6th day of February, 1961, and you also having acknowledged and confessed, in open court, that you were previously convicted of the crime of Grand Larceny in the Second Degree, in the County of Ramsey, State of Minnesota, on the 6th day of June, 1952, as also charged in an Information filed in this Court on the 6th day of February, 1961, now, therefore

"It is Hereby Adjudged and Determined that you, John Max Lange, are guilty of the crime of Forgery in the Second Degree as set forth in said Information, and it is the judgment of this Court and the sentence of the law that, as punishment for said crime, increased by reason of your previous felony convictions, the three previous felony convictions, that you be punished by confinement at hard labor in the State Prison of the State of Minnesota, at Stillwater, Washington County, Minnesota, according to law until duly discharged by due course of law or competent authority; provided, however, and pursuant to the provisions of Minnesota Statutes Annotated 637.01, the maximum term of imprisonment under the foregoing sentence is hereby fixed at ten years.

"And so. there will be no misunderstanding in the record, the sentences are consecutive and not concurrent.

"Now, in connection with the Forgery in the Second Degree, the Court is of the opinion that, by reason of the character of the Defendant and all the facts and circumstances of this case, the welfare of society does not require that this Defendant serve the second sentence which I have imposed, which is on the Forgery charge for the crime of Forgery in the Second Degree committed by him, as long as he shall thereafter be of good behavior and conform to all laws, state, local and national; and by reason of these facts the execution of the sentence in the Forgery case is hereby suspended and the sentence is stayed, and you, John Max Lange, are hereby placed on probation for a period of ten years. The period of probation on the Forgery sentence is to commence upon your release from service of the sentence under the Escape charge.

"I am not putting you on probation to report to the Probation Officer. You will not have to report to the Probation Officer. But I am putting you on probation on the condition that you absolutely refrain from the use of alcohol in any form; and, if you so much as take one drink which contains alcohol and you are brought before me for revocation of your probation, you will serve the ten year sentence."

In proceedings in which relator changed his plea from not guilty to guilty, the following took place:

"Q [By Mr. Maxwell, county attorney]—Mr. Lange, when you were in the county jail on this forgery, second, at that time by the jailer, Mr. Carlson, were you told to go outside the jail and do some painting?  A-  Yes sir.

"Q-  And did you go. outside the jail to do that painting?  A-  Yes sir.

"Q-  And after you got outside what did you do?  A-  I left the premises and went to a bar.

"Q-  And what bar did you go to?  A-  Some place in Minneapolis. I don't know the name.

"Q-  And at that time you knew you were in custody at the time and didn't have permission to leave the jail?  A-  Yes sir.  .

"Q- Your attorney in court this morning is Mr. Cohen? A- Yes sir.

"Q- And you have talked this matter over with him before you came to court? A- Yes sir.

"Q- And you have entered your plea to the charge of forgery in the second degree and to escape, and that plea was guilty to both of them, is that correct? A- Yes sir.

\* \* \* \* \*

"THE COURT: \* \* \* Mr. Lange, three informations have been filed against you, each one of which alleges the prior conviction of a felony. One charges you with having been convicted of the crime of grand larceny in the second degree in the District Court of Ramsey County, Minnesota. In April, 1946, according to another information, you were convicted of the crime of forgery in the District Court of Franklin County, State of Ohio, which offense is alleged to be a felony under the laws of the State of Minnesota, and if committed in the State of Minnesota would have been a felony. The third information charges you with having been convicted of the crime of grand larceny in the second degree on June 6, 1952, in the District Court of Ramsey County, Minnesota. Before you plead to any one of these three informations, I want to make sure that you understand certain rights. You will be asked on the arraignment whether you are the same person who was convicted of the various offenses at the different times stated. I want to advise you that under the law you are entitled to a jury trial on each one of these informations if you so desire. Also, the effect of these prior informations is to increase the penalty which otherwise would be imposed. Generally speaking, the first prior conviction has the effect of doubling the penalty. The second one, as they say, you get for nothing; and on the third one the court may sentence you for life. I want to be sure you understand that before you enter your plea. It is a matter of importance to you. Do you understand that?

"DEFENDANT: Yes sir.

"Q- Mr. Cohen has explained the matter to you?

"A- Yes sir."

Defendant was then arraigned on the various charges. In each instance

where the defendant was arraigned on an information charging him with a prior felony the information was read to him in its entirety by the clerk.

The identical issue presented here was determined by this court in State v. Rasmussen, 264 Minn. 295, 299, 118 N. W. (2d) 433, 435. There we stated:

"Section 641.19, under which defendant claims he should have been sentenced, would have no application here. * * * Section 610.01, wherein crimes are defined and classified according to the punishments prescribed therefor, provides:

" '* * * Every crime which may be punished by death, or by imprisonment in the state prison or state reformatory, is a *felony*. Every crime punishable by fine not exceeding $100, or by imprisonment in a jail for not more than 90 days, is a *misdemeanor*. Every other crime is a *gross misdemeanor*.' * * *

\*   \*   \*   \*   \*

"It must follow here that since the penalty prescribed by § 641.19, insofar as it imposes imprisonment in the county jail for six months, must relate only to gross misdemeanors, it would have no application to the *felony* for which defendant was convicted on his plea of guilty. This is further borne out by the fact that under § 610.17 the minimum prison sentence to be imposed for conviction of a felony is one year. Had defendant escaped while being held on a charge of having committed a gross misdemeanor rather than of having committed a felony, it is possible that the provisions of § 641.19 might then be applicable * * *."

Based upon State v. Rasmussen, *supra,* and § 620.11, which provides that "[f]orgery in the second degree shall be punished by imprisonment in the state prison for not more than ten years," the order appealed from is affirmed.

Affirmed.