STATE v. CHARLES KENNETH RASMUSSEN.

118 N. W. (2d) 433.

December 14, 1962—No. 38,585.

*Charles Kenneth Rasmussen,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, *Charles E. Houston,* Solicitor General, and *John F. Thoreen,* County Attorney, for respondent.

THOMAS GALLAGHER, JUSTICE.

Defendant, Charles Kenneth Rasmussen, appeals from a judgment and sentence to imprisonment in State Prison at Stillwater for a term of not more than 7 years imposed upon him by the District Court of Washington County for his conviction under Minn. St. 613.29, which provides:

"Every prisoner confined in a penal institution, or being in the lawful custody of an officer or other person, who shall escape from such institution or custody * * *, if he is held on a charge or conviction of felony, shall be guilty of a felony; if on a charge or conviction of a gross misdemeanor, shall be guilty of a gross misdemeanor; and if on a charge or conviction of a misdemeanor, shall be guilty of a misdemeanor."

This sentence was imposed by virtue of § 610.16, which provides that:

"Whoever is convicted of a felony for which no punishment is specially prescribed by any statutory provision in force at the time of conviction and sentence shall be punished by imprisonment in the state prison or a county jail for not more than seven years, or by a fine of not more than $1,000, or by both."

It is defendant's contention that the court erroneously sentenced him under the foregoing provisions and that he should have been sentenced under § 641.19, which provides that:

"* * * Every prisoner under a jail sentence, or awaiting trial, who shall break jail and escape, if the offense for which he is confined is not capital, shall be punished by imprisonment in the county jail for six months; * * *."

On December 27, 1960, the sheriff of Washington County filed a complaint in municipal court of Stillwater, charging under § 613.29 that, on December 12, 1960, defendant knowingly and feloniously es-

caped from the Washington County jail while being held there in the sheriff's lawful custody on a charge of forgery in the second degree. On March 15, 1961, defendant appeared in municipal court without counsel for arraignment on this charge. At that time the court accepted his waiver of a preliminary hearing with the understanding that "should the defendant procure counsel and demand a preliminary hearing, such hearing would be granted." Bond was set at $5,000 with a corporate surety and defendant was bound over to the District Court of Washington County. On March 22, John F. Thoreen, county attorney for said county, filed an information in the office of the clerk of the district court which charged under § 613.29 that defendant, on December 12, 1960, unlawfully, knowingly, and feloniously escaped from the county jail of Washington County while there held and confined by the sheriff of such county on the charge of a felony; to wit, forgery in the second degree. On that day defendant appeared in district court with John V. Norton as his counsel. The information was read to him and a copy placed in his hands. The following proceedings then took place:

"THE COURT: You have heard the reading of the information, and what is your plea thereto, guilty or not guilty?

"THE DEFENDANT: I enter a plea of guilty, your Honor.

\* \* \* \* \*

"THE COURT: And upon the advice of Counsel, after consultations with Counsel, you have entered this plea of guilty?

"THE DEFENDANT: Yes, sir.

"THE COURT: Has anyone made any threats to you in order to secure your plea of guilty?

"THE DEFENDANT: No, sir.

"THE COURT: Has anyone made any promises to you?

"THE DEFENDANT: No, sir.

\* \* \* \* \*

"THE COURT: So that you are entering this plea of guilty freely of your own free will without any force, threats or promises?

"THE DEFENDANT: Yes, sir.

\* \* \* \* \*

"THE COURT [to Mr. Norton]: Do you wish to make a statement?

"MR. NORTON: Yes, I do, your Honor. Mr. Rasmussen is charged with violation of 613.29. There is also Section [641.19], which he could have been charged under too. This particular section provides for a much lighter sentence in the amount of six months rather than the felony conviction.

\* \* \* \* \*

"THE COURT: It is the sentence of the Court that as punishment for the crime of escape from the county jail of which you, Charles Rasmussen, now stand convicted by reason of your plea of guilty, it is considered and adjudged that you be confined to the State prison at Stillwater, Minnesota until you are thence discharged by competent authority or due process of law."

Defendant moved for a new trial, which motion was denied on May 23, 1961, and on September 19, 1961, he served notice of appeal from the sentence and judgment entered on March 22.

As indicated above, it is defendant's contention that §§ 613.29 and 610.16 were erroneously applied in the imposition of his sentence; that the former is applicable to escapes from a "penal institution" or from the custody of an officer of such a penal institution and that his escape from the sheriff in the county jail would not fall within such classification; and that § 610.16 may be referred to in imposing sentence only when no specific punishment for the crime is prescribed; but that since here § 641.19 did prescribe the penalty for his offense, the court erred in imposing sentence under the former section.

1. Defendant's contention that since he did not escape from a "penal institution" the provisions of § 613.29 would have no application is without merit. It is undisputed that he did escape from an officer—the sheriff of Washington County—who had lawful custody of him. There is nothing in § 613.29 which limits its application to officers of penal institutions. Likewise, it would seem clear that escape from a county jail would constitute an escape from a penal institution. This construction of § 613.29 is supported by our decision in State v. Putnam, 248 Minn. 182, 79 N. W. (2d) 273, wherein it was held that the term "penal institution" as used in § 613.29 would

encompass a prison farm or farm colony and that an escape need not be from confining walls, bars, fences, or armed guards to make the statute applicable.

2. We find no error in the sentence imposed upon defendant. Section 613.29 definitely defines his escape as "a felony," since at the time of his escape he was being held on a charge of having committed a felony—forgery in the second degree.[1] Section 610.16 prescribes the punishment for the commission of a felony when it is not otherwise fixed by statute as "imprisonment in the state prison or a county jail for not more than seven years"; and the court correctly applied this provision in imposing sentence upon defendant.

3. Section 641.19, under which defendant claims he should have been sentenced, would have no application here. It provides that a "prisoner * * * awaiting trial, who shall break jail and escape, if the offense for which he is confined is not capital, shall be punished by imprisonment in the county jail for six months." Section 610.01, wherein crimes are defined and classified according to the punishments prescribed therefor, provides:

"* * * Every crime which may be punished by death, or by imprisonment in the state prison or state reformatory, is a *felony*. Every crime punishable by fine not exceeding $100, or by imprisonment in a jail for not more than 90 days, is a *misdemeanor*. Every other crime is a *gross misdemeanor*." (Italics supplied.)

That the sentence prescribed by statute determines the grade or class of the crime to which the statute has reference is borne out by this court's decision in State v. Kelly, 218 Minn. 247, 266, 15 N. W. (2d) 554, 564, 162 A. L. R. 477, wherein it was stated:

"Statutory nomenclature does not necessarily determine the grade or class of a crime. Calling an offense a misdemeanor does not make it so when the punishment prescribed makes it a gross misdemeanor or

---

[1] § 620.11 provides: "Forgery in the second degree shall be punished by imprisonment in the state prison for not more than ten years." This penalty, by virtue of § 610.01, establishes that forgery in the second degree constitutes a felony.

felony. \* \* \* Where the words of a statute prescribe as punishment both fine and imprisonment, the offense is a gross misdemeanor, regardless of the nomenclature used, and both forms of punishment must be inflicted."

See, also, State v. Pluth, 157 Minn. 145, 195 N. W. 789.

It must follow here that since the penalty prescribed by § 641.19, insofar as it imposes imprisonment in the county jail for 6 months, must relate only to gross misdemeanors, it would have no application to the *felony* for which defendant was convicted on his plea of guilty. This is further borne out by the fact that under § 610.17 the minimum prison sentence to be imposed for conviction of a felony is one year. Had defendant escaped while being held on a charge of having committed a gross misdemeanor rather than of having committed a felony, it is possible that the provisions of § 641.19 might then be applicable, since the penalty therein prescribed must have reference to a gross misdemeanor.

Affirmed.